·THE INDEPENDENT SCHOOL DISTRICT OF MASON CITY v.
REICHARD ET AL.

1. **Action:** BOND: VENUE. An action on a bond, conditioned for the payment of a penalty if the principal shall fail to erect a school house according to the terms of a written contract, is a personal action, which must be brought in the county wherein some of the defendants reside.

2. ——: ——: CHANGE OF VENUE. If such an action were instituted in the county wherein the school house was to be erected, but where none of the defendants resided, they would be entitled to a change of venue, under Sec. 2589 of the Code.

3. ——: ——: EFFECT OF CHANGE IN CONTRACT. Upon a change in the conditions of the contract between the school district and the contractor, a consent thereto by his sureties would not increase their obligations or connect them as parties with their principal in the amended contract.

*Appeal from Cerro Gordo District Court.*

TUESDAY, JUNE 30.

THIS action was brought upon a bond executed by the defendants to the plaintiff, to secure the fulfillment of a contract made between the parties, by which Jacob Reichard, one of the defendants, was to build a school house for the plaintiff. Defendants applied for a change of venue, which was refused and they appealed. The further facts appear in the opinion.

*Stone & Ayers* and *Goodykoontz & Wilber*, for appellants.

*Hartshorn & Flint* and *J. G. Patterson*, for appellee.

MILLER, CH. J.—The bond sued on is as follows:
"Know all men by these presents that we, Jacob Reichard, principal, and John Reichard, Joseph Johnson, and A. D. Wetherell, as sureties, are held and firmly bound unto the Independent School District of Mason City, in Cerro Gordo county, Iowa, in the sum of $40,000 to be paid unto the said School District, to the true payment whereof we do bind ourselves and each of us, our, and each of our, heirs, executors and

administrators, jointly and severally by these presents. Dated the 29th day of April, 1872.

The condition of the above obligation is such that, whereas the bounden Jacob Reichard has this day made and entered. into an agreement with the above bound Independent School District of Mason City to build a school house for the said School District; now, if the above bounden Jacob Reichard shall build and finish said school house according to the terms of said agreement and the drafts, plans and specifications contained therein and annexed thereto, then the above obligation to be void, otherwise to remain in full force and virtue.

JACOB REICHARD.
[Signed.]　　　　　　JOHN REICHARD.
　　　　　　　　　　JOSEPH JOHNSON.
　　　　　　　　　　A. D. WETHERELL."

The breach alleged is that the "defendants have not performed their part of the bond, nor has said Jacob Reichard built the school house as contracted by him."

The defendants applied in due time and in proper form for a change of venue, on the ground that at the time of the commencement of the action, and at the time of making the motion, all of the defendants were residents of Marion county, Iowa. The overruling of this motion is assigned as error.

The action was commenced in May 1873, while the Revision of 1860 was in force. Section 2798 provides that, "When by its terms a contract is to be performed in any particular place, action for a breach thereof may be brought in the county wherein such place is situated." Section 2800 provides that, "except where otherwise provided herein, personal actions must be brought in a county wherein some of the defendants actually reside. But if none of them have any residence within this State, they may be sued in any county wherein either of them may be found."

1. ACTION: bond: venue.

This is a personal action, and suit thereon must be brought in the county where some of the defendants actually reside, unless by the terms of the contract sued upon it was to be performed at some particular place. It is quite apparent that

the bond is not a contract for the erection of a school house for the Independent School District of Mason City. The defendant, Jacob Reichard, had entered into a contract to that end, which, by its terms, was to be performed in Cerro Gordo county. But to this contract the other defendants were not parties. The contract sued on does not bind the defendants to erect such school house. It stipulates that they will pay the sum of $40,000.00 if Jacob Reichard shall fail to build the house according to the terms of his contract with the plaintiff. The thing to be performed, by the terms of the bond, is the payment of the damages consequent upon a breach of another contract. The bond is silent as to the place of payment of such damages. It cannot be said, therefore, that by the terms of the bond, its covenants were to be performed at any partic-ular place. Without this, suit should have been brought in the county where some of the defendants actually resided. They all resided in Marion county, and, under Sec. 2802 of the Revision, or Sec. 2589 of the Code, which was in force when the application was made, were entitled to a change of venue to the county of their residence under the showing made. See, as supporting the above views, *Hunt v. Bratt,* 23 Iowa, 171; *Manley v. Wolfe & Co.,* 24 Id., 141; *Oliver v. Bass,* 30 Id., 90.

*2. change of venue.*

It is claimed, however, that by a subsequent agreement entered into by the sureties in the bond, they made themselves parties to the contract of Jacob Reichard to build the school house. The bond is dated April 29th, 1872. The original contract for the erection of the school house was made and dated the same day, and on the 12th day of August, 1872, the sureties on the bond made and entered into the following written agreement:

*3. effect of change in contract.*

"Know all men by these presents: that, whereas, on the 29th day of April, 1872, a contract was made and entered into by and between the Independent School District of Mason City, of the first part, and Jacob Reichard of the second part, whereby said second party agreed to build and finish a school house for said first party, said school house to be built and finished according to the specifications annexed to said con-

tract; and, whereas, among other things in said specifications contained, it was specified that the walls of said school house be built of brick and Mason City stone; and, whereas, the said second party, to secure the faithful performance of said contract on his part, did, on the 29th day of April, 1872, by himself as principal and John Reichard, Joseph Johnson, and A. D. Wetherell as sureties, execute and deliver to said first party a bond in the penal sum of forty thousand dollars; and, whereas, it has since been determined and agreed by and between said first party and said second party, that the walls of said school house shall be built of stone instead of brick, as specified in said specifications, and that the time for the completion of said building shall be extended to the first day of January, 1873, and that the cut stone of said building may be obtained at the north quarry at Pella, the stone last named to be sound and free from flaws and sand pockets, of clear white color, equal in quality, durability and appearance, to the best Mason City stone, according to said specifications; and that the plastering shall be done before freezing weather, and that payment shall be made as the work progresses, in weekly installments, upon estimates made by said Reichard and the .Independent School District of Mason City, until the full amount of the contract price of said building shall be paid.

Now, therefore, in consideration of the premises and of one dollar to us in hand paid, we, the said John Reichard, Joseph Johnson and A. D. Wetherell, as sureties, consent to the aforesaid change in the material of said school house, provided this consent shall in no manner increase the liabilities aforesaid.

Witness our hands, this 12th day of August, 1872.

Signed,                       JOHN REICHARD.
                               JOSEPH JOHNSON.
                              .A. D. WETHERELL."

Upon the change in the original contract between the plaintiff and Jacob Reichard, it was deemed expedient or necessary to procure the consent of the sureties in the bond to such change, in order to avoid any question as to whether or not

they would be discharged by a change in the contract, made after the execution of the bond, without their consent. Hence this contract or consent to the change was entered into by the sureties. There is no provision or stipulation by which they became parties to the contract of their principal to build the school house, or to bind themselves beyond the obligations of the bond. On the contrary, they expressly stipulate that their liability on the bond shall in no manner be increased.

The object of this last agreement was simply to preserve, and not to increase, the liability of the obligors of the bond, and nothing more was effected thereby. The case stands as it would have stood had there been no change made in the principal contract, and this written assent thereto had never been required or given.

The order refusing to change the venue is

REVERSED.