MURSULA PRADER v. NATIONAL ACCIDENT ASSOCIATION *et al.,* Appellants.

VENUE (ACTION ON BOND).   A decree against a corporation required the officers to make provision for payment, and, for failure to comply therewith, contempt proceedings were instituted against them, which the Supreme Court stayed on their giving bond to secure the performance of any decree rendered in the cause by the Supreme Court on appeal.   The bond did not specify any place of performance.   *Held,* that by the contempt proceedings the officers did not become parties to the decree, so as to authorize a suit against them on the bond in the county in which the decree was rendered, under Code, 1873, section 2581, authorizing a suit on a contract to be performed in a particular place to be brought in a county where performance is to be had.

SAME.   They did not become such parties by giving the bond, though it provided for the performance of the decree of the district court.

SAME.   An action on a bond to secure the performance of a decree which merely makes the signers liable for damages for nonperformance, and does not require them to perform it, is a personal action and must be brought in the county where defendants reside.

Action: VENUE.   The venue of an action upon a bond executed by the officers of an accident association conditioned upon the performance by the association of the requirements of a contemplated decree of the Supreme Court, will be changed to the county in which the signers of the bond resided when the action was brought, and continued to reside at the time of the filing of an application to transfer the cause to that county, under Code, 1873, section 2586, providing that "except where otherwise provided personal actions must be brought in the county wherein some of the defendants actually reside."

Joinder of Causes.   A cause of action on a bond to secure the performance of a decree, the bondsmen not being liable on the decree, and the judgment debtor not liable on the bond, cannot

be united with a cause of action on the decree, under Code, 1873, section 2630, authorizing causes of action against the same parties and in the same right to be joined.

*Appeal from Jones District Court.*—HON. W. G. THOMP-
SON, Judge.

MONDAY, JANUARY 30, 1899.

ACTION at law to recover an amount alleged to be due and unpaid on a certificate of life insurance. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendants appeal.—*Reversed.*

*Ayres, Woodin & Ayres* for appellants.

*Jamison & Smyth* for appellee.

ROBINSON, C. J.—In December, 1889, the defendant association issued to Christian Prader a certificate of membership, by which the association agreed to pay to the widow and child of said Prader, in case of his death, the sum of five thousand dollars, or so much thereof as an assessment of two dollars levied upon all of its members in good standing at the time of his death would pay. He died on the eighth day of November, 1892, while the certificate was in force. The association denied liability on the certificate, and an action in equity was commenced thereon in the district court of Jones county by the plaintiff, as widow, and as guardian of the child, to recover the amount of the certificate. The district court adjudged that she was entitled to recover five thousand and twenty-five dollars, and ordered that the association and its officers make and collect an assessment of two dollars upon all members of the association assessable at the date of the accident which caused the death of Prader, to-wit, October 30, 1892, and on the day of his death, and pay the proceeds, not exceeding the sum of five thousand dollars, to the plaintiff, and the further sum of

twenty-five dollars as weekly indemnity by reason of the total incapacity of the decedent from the time of the accident to the time of his death. An appeal from that decree was taken, and on the twenty-eighth day of May, 1895, this court filed an opinion which held that the recovery allowed by the district court, above the sum of five thousand dollars, was excessive, but that its decree in other respects was correct. The amount of the recovery was accordingly reduced to five thousand dollars, and the decree was in other respects affirmed. See 95 Iowa, 149. The decree of the district court was rendered in December, 1893. In August, 1894, while the case was pending in this court on appeal, a judge of the district court of Jones county, on a showing made, found that J. A. Doverman, Alf Wingate and R. L. Clarke were the proper officers of the association for levying and collecting the assessment for which the decree of the district court provided; that they had failed to levy and collect the assessment, and were in contempt. The judge therefore ordered that they be committed to the jail of Jones county until they should obey the decree. The persons thus found to be in contempt, and ordered to be imprisoned, thereupon applied to a judge of this court for a writ of *certiorari,* to the end that the order of the district court might be reviewed and annulled. On the hearing had in August, 1894, the judge to whom the application was presented made an order, a copy of which is as follows: "* * * It is now further ordered that the proceedings for contempt be stayed pending this action, upon petitioners executing a bond, in the sum of five thousand dollars, to be approved by the clerk of this court, conditioned that they will perform and obey any order or decree that may be entered in the supreme court in the case of *Ursula Prader v. National Masonic Accident Association,* pending on appeal in this court." A bond was then executed to the plaintiff by the three persons found to be in contempt, as principals, and George E. Pearsell, surety, in the penal sum of five thousand

dollars, upon the following conditions: "If the National Masonic Accident Association shall and will perform the decree of the supreme court of Iowa, when rendered by it, the said supreme court, in the case of *Ursula Prader v. The National Masonic Accident Association,* then this bond to be null and void; otherwise, to remain in full force and effect." After the case then pending on appeal was determined by this court, and after a petition for a rehearing had been over-ruled, a *procedendo* was issued to the district court. On the thirtieth day of November, 1895, the association made an assessment from which one thousand seven hundred and ninety-six dollars were realized and paid to the plaintiff. The association reported to the court that nothing more could be realized from the assessment, and asked to be dis-charged from further liability on account of the decree. The plaintiff filed objections to the report, which were sus-tained. She alleges that the association did not comply with the terms and conditions of the decree, in that it did not make an assessment upon all members who were members at the time of the death of Prader. She demands judgment for the difference between the sum received from the assess-ment made and the amount to which she was found to be entitled, with interest. The jury returned a verdict in favor of the plaintiff for three thousand one hundred and seventy-two dollars, and judgment was rendered in her favor for that sum, with costs. This case is entitled as against the association and the four signers of the bond. The peti-tion commences with the averment that "the plaintiff claims of the defendants the sum of $4,400," and then follows a statement of the cause of action. The formal prayer of the petition is a demand for "judgment against the defendant association on said bond" in the sum specified. The verdict was in favor of the plaintiff, but did not state whether it was against one defendant or more than one. The record states that judgment was entered "against the defendant," without naming him. We find, however, that by an amendment to

the petition filed April 15, 1897, the plaintiff made the association a party defendant, and asked that judgment be rendered against it and against the defendants on the bond. The record shows that the original petition was treated by all parties as asking judgment against the signers of the bond, and the arguments treat the judgment as against all the defendants. We therefore conclude that it was so entered, and the statement that the judgment was rendered against the "defendant," rather than the "defendants," is a mere clerical error. We also conclude that the statement in the record as to the formal demand for relief in the original petition is also a clerical error. By so doing we treat the case as it was treated by all parties in the district court and in this court.

I.     This action, as originally commenced, was an action on the bond given in the *certiorari* proceeding. In September, 1896, the signers of the bond filed an application to transfer the cause to Polk county, and in support of the application showed that all of the signers were, when the action was brought, and continued to be at that time, residents of Polk county. At the same time the association filed a similar application, based on the ground that its principal place of business was in Polk county, and that it did not have, and had not had, an office or agency in Jones county.

The applications were overruled in December, 1896. Whether that ruling was correct, as to the signers of the bond, is the first question presented to us in argument. The original petition was based wholly upon the bond, and to that the association was not a party, although it voluntarily appeared in the case. The amendment filed in April, 1897, contained allegations which were designed to show liability on the part of the association for its alleged failure to perform the requirements of the decree against it, and was not grounded on the bond. We first consider the case as it stood when the application of the signers of the bond for a change of venue was denied. At that

time, as already stated, the action was on the bond alone. That was executed, filed, and approved in Polk county. It did not specify any place of performance, and was conditioned upon the performance by the association of the requirements of a contemplated decree of this court which was to be rendered in Polk county. But it is urged that the proceedings related to the enforcement of a decree rendered by the district court of Jones county, which this court affirmed with a slight modification, and that the giving of the bond should be treated as a part of the proceedings of that court; that the principals who executed it were officers of the association, charged with the duty of complying with the decree; and that the bond should be construed as requiring performance of its conditions where the decree was rendered,—in Jones county. If it be true that the persons adjudged to be in contempt, and who are principals on the bond, were officers of the association, charged with the duty of levying the assessment in question, it does not follow that the claims of the plaintiff are well founded. We held on the appeal in the original action that the officers of the association were not parties to the action, and the persons adjudged to be in contempt were first brought into court in the contempt proceedings. Although those proceedings were based on the decree of the district court, they did not make the persons against whom they were directed parties to that decree, nor did the bond in suit; and that is so even though it be true, as claimed by the plaintiff, that the condition of the bond is not limited to the decree of this court, but includes the decree of the district court. The case is, in principle, like that of *Independent School Dist v. Reichard,* 39 Iowa, 168, in which the defendants had executed a bond to secure the performance by one of the signers of the bond of a contract to build a school house in Cerro Gordo county. When the action was commenced, all of the signers were residents of Marion county. An application for a change of venue was made and denied,

and on appeal this court held that it should have been granted. It was said that the thing to be performed, by the terms of the bond there in suit, was the payment of damages consequent upon a breach of another contract; that the bond did not specify a place of payment, and it could not, therefore, be said that by the terms of the bond its covenants were to be performed at any particular place. That decision was based upon provisions of the Revision of 1860, which are found in the Code of 1873, and are applicable to this case. They are as follows:

"Sec. 2581. When, by its terms, a written contract is to be performed in any particular place, action for breach thereof may be brought in the county wherein such place is situated."

"Sec. 2586. Except where otherwise provided personal actions must be brought in a county wherein some of the defendants actually reside.    *    *    *"

The bond in suit made its signers liable for damages which the plaintiff should sustain by the failure of the association to perform a decree which should be rendered, but did not require the signers to perform that decree, and was not, therefore, to be performed at any particular place. This action, so far as it is based on the bond, is, therefore, personal, and should have been brought in Polk county. Hence the district court erred in refusing to change the venue as asked.

II. After the application for a change of venue was denied, the defendants filed an answer, in which various matters were pleaded as a defense to the plaintiff's alleged cause of action. Four months later the amendment to the petition making the association a defendant was filed. Thereupon the signers of the bond filed a motion in which they asked to have stricken from the petition, as amended, the cause of action therein set out on the decree, on the ground that the movers were not liable on the decree, that the association was not liable on the bond, and

because there was a misjoinder of causes of action and of parties. On the same day the association filed a motion to strike the amendment, based on similar grounds, and asked that, in case the motion should be overruled, the plaintiff be required to elect whether to proceed on the cause of action set out in the original petition, or on that set out in the amendment. The motions were overruled. As already stated, the original action was on the bond alone, and the association was not liable on that. The amendment set out an alleged cause of action on the decree, and on that the signers of the bond were not liable. Section 2630 of the Code of 1873 provided that "causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party, and against the same party in the same rights, and if suit on all may be brought and tried in that county, may be joined in the same petition." Section 2632 provided that "the court, at any time before the defense, shall, on motion of the defendant, strike out of the petition any cause or causes of action improperly joined with others." We have held that although a cause of action on a promissory note may be joined with one on account against the same persons, if the persons thus joined are liable on both, they cannot be joined against persons a part of whom are liable only on one of the causes of action. *Thorpe Bros. & Co. v. Dickey,* 51 Iowa, 676. Other illustrations of the same rule may be found in *Addicken v. Schrubbe,* 45 Iowa, 315; *Cogswell v. Murphy,* 46 Iowa, 44, and *Sweetzer v. Harwick,* 67 Iowa, 488. In the case last cited it appeared that two causes of action had been improperly joined; and it was held that the plaintiffs should have elected on which cause of action to proceed, or, after the amendment which set up a new cause of action had been stricken from the files, they should have filed separate petitions. The provisions of the statute and the cases cited show that the motion of the signers of the bond, to strike from the amended petition the averments designed to show

a. cause of action on the decree against the association, should have been sustained, or that the plaintiff should have been required to elect on which cause of action to proceed, and that the causes of action should have been severed.

We are not to be understood as deciding whether an action against the association on the decree could have been brought in Jones county. That question is not before us. The application for a change of the place of trial, in which the association joined, was made when the only cause of action alleged was on the bond; and, although the averments of the petition did not show any liability on the part of the association on the bond, yet judgment was demanded against it thereon, and it showed reasons for a change of venue, as did its co-defendants. What we have said on that point is not intended to apply to the case made on the petition as amended.

The views we have expressed dispose of all questions we are required to determine on this appeal. Others are discussed, but are not likely to arise on other trials, or should be presented in a proper manner when such trials are had. For the reasons shown, the judgment of the district court is REVERSED.