[No. 3874.]

BREWER ET AL. v. GORDON, SHERIFF OF MORGAN COUNTY.

1. CONTRACTS—INDEMNITY BONDS—VENUE.

An indemnity bond given to a sheriff to indemnify him against damage for seizing personal property under a writ of attachment, and which contains no provision making it payable in any particular county, is not a contract to be performed in the county wherein the attachment is levied, within the meaning of section 27 of the code providing that actions upon contracts may be tried in the county in which the contract was to be performed.

2. SAME—PRACTICE—CHANGE OF VENUE.

Where an indemnity bond was given to a sheriff to indemnify him against damage for seizing personal property under a writ of attachment and the obligors in the bond resided in a different county from that in which the obligee resided and in which the attachment was levied, and an action was brought upon the bond in the county of the residence of the obligee and summons was served on the obligors in the county of their residence, the defendants had a right to have the cause removed for trial to the county of their residence, and a refusal by the court to remove such cause to the county wherein the defendants resided upon application by defendants was reversible error.

*Error to the County Court of Morgan County.*

Mr. CHARLES D. HAYT, Mr. THOMAS MACON and Mr. DANIEL PRESCOTT, for plaintiffs in error.

Mr. W. A. HILL, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought in the county court of Morgan county by George A. Gordon, sheriff of that county, against the defendants upon a bond given by them to indemnify him, as sheriff, for seizing personal property under a writ of attachment. Upon issues joined there was a judgment against the defendants, from which they have appealed, and assigned and argued numerous errors.

The ruling of the court denying defendants' application for a change of the place of trial was wrong, and the judgment must be reversed for that reason. Ordinarily, we would determine the other legal propositions raised upon review, if for no other reason, for the benefit of the lower court in the event of a new trial. But after the erroneous adverse ruling upon the defendants' motion for a change of the venue, the court acted without jurisdiction in all subsequent proceedings. This, taken in connection with the fact that if a new trial is had it must be in the county court of Arapahoe county and before another judge, leads us to withhold opinion upon questions which may not again be raised.

The facts are that this bond was signed and sealed in Arapahoe county, Colorado, and approved by the sheriff in Morgan county, and when this suit on the bond was instituted, the plaintiff lived in Morgan county, but defendants resided in, and service of summons was had upon them in, Arapahoe county. The bond is an ordinary bond of indemnity, and contains no provision making it payable, or declaring that it is to be performed, in any particular county. Before filing their answer, the defendants claimed the privilege of being sued in the county of their residence; and upon a proper

showing of the facts by motion and affidavit asked that the place of trial be so changed, which application was overruled.

Section 27 of the code governs this case. It provides:

"In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; * * * Actions upon contracts may be tried in the county in which the contract was to be performed."

In *D. & R. G. R. R. Co. v. Cahill*, 8 Colo. App. 158, it was held that the first portion of this section is intended as a statement of a general rule, which is modified in particular instances by succeeding portions, one of which is that the action may be tried in the county in which the contract is to be performed; and that if an action upon a contract is commenced either in the county in which the contract is to be performed, or where the defendant resides, the place of trial cannot be changed upon the ground that the county designated is not the proper county. We believe this to be the proper construction of the section.

It is contended by plaintiffs in error that this contract of indemnity was made in Arapahoe county, and by defendant in error that it was made in Morgan county, the parties apparently supposing that the determination of this question settles the place of trial. We are satisfied that the bond did not become obligatory upon the indemnitors until it was approved by the sheriff, and this approval was made in Morgan county; and so, if the place where the contract was made is controlling, the county designated in the complaint is the proper place of trial. 2 Parsons on Contracts (8th ed.), §§ 582–3.

But the place where the contract was made does not necessarily control the place where the action shall be tried. A contract may be made in one county to be performed in another county. Unless the case comes within some of the exceptions contained in the latter part of the section, the proper county in which this character of action should be

tried is the county of defendant's residence, unless defendant is served in the county where the plaintiff resides. In this bond there is no provision that the contract of indemnity is to be performed in any particular county, and the defendants were not served in the county of plaintiff's but in the county of defendants' residence. Therefore, it was the privilege of the defendants to have the action tried in Arapahoe county, their domicile. The fair construction of section 27 leads to this conclusion, and the only authorities we have found lend it support.

*Lindheim & Bro. v. Muschamp*, 72 Tex. 33, was a suit against the sureties on a bond conditioned that a contractor should build a house in accordance with the plans and specifications embodied in a written contract. The building contract was to be performed in the county of the plaintiff's (obligee's) residence, and the sureties (obligors) lived in another county. Suit was brought against the sureties in the county where the plaintiff resided, and where the building was constructed, and it was held that it was the privilege of the defendants to have the suit brought in the county of their residence. The case did not fall within the exception to the general rule, that suit may be brought in the county where the contract was to be performed, because the bond was not specifically to be performed in any particular county.

*Cohen v. Munson*, 59 Tex. 236, was an action against the sureties upon an administrator's bond where administration was pending in a different county from that of the sureties' residence. The action was brought in the former county, and it was held that it should have been brought in the latter, the court saying:

" To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within one of the exceptions of the statute. The fifth exception seems to contemplate that the instrument of writing should plainly provide that the obligation for the breach of which the defendant is sued is to be performed in a county different from that in which the defendant resides. We do

not consider that an administrator's bond, under the statute, compels the surety to answer for the defalcations of his principal in any particular county, and hence that he must be sued in the county of his residence."

The Texas code (Revised Statutes of Texas, 1895, art. 1194) is substantially the same as section 27 of our code. It is that "no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases : * * * Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

A case still more nearly in point is *McInnes v. Wallace,* 44 S. W. Rep. (Tex.) 537. It was a suit upon a *supersedeas* bond, and it was held that it must be brought in the county of the obligor's residence, if the bond contains no provision to the contrary. The bond in that case was precisely like the one in the case at bar in that in neither was there a provision that the bond was to be payable, or performed, in any particular county.

The supreme court of Iowa in *Prader v. Nat. Acc. Assn.,* 107 Iowa, 431 ; 78 N. W. Rep. 60, in an action upon a bond given in a *certiorari* proceeding, held under the provisions of their code (substantially the same as ours) that the signers of the bond must be sued in the county of their residence, unless the bond itself specifically provides that the place of performance is elsewhere. So, also, to the same effect is *School District v. Reichard,* 39 Iowa, 168, holding that an action on a bond, conditioned for the payment of a penalty, if the principal failed to erect a schoolhouse according to the terms of a written contract, must be brought in the county where some of the defendants reside, if the bond is silent as to the place of payment.

The argument *ab inconvenienti* of the defendant in error, that this construction of the code practically requires a sheriff to refuse a bond unless the sureties reside in his county, should not prevail against the plain language of the section.

But, as a matter of fact, he may protect himself against the necessity of bringing an action on bonds given to him in his official capacity in a county other than that of his residence by inserting therein a provision that they are to be specifically performed, or made payable, in his county; and if sureties will not consent thereto, then by accepting only of sureties who live in his county.

For this error in refusing upon defendants' application to change the place of trial, the judgment below is reversed, and the cause remanded with instructions to the county court to enter an order directing that the cause be sent for trial to the county court of Arapahoe county.

*Reversed.*