[No. 4682.]

## BYRAM v. PIGGOT.

**Practice in Civil Actions—Change of Venue—Actions for Torts.**

Mills' Ann. Code, § 27, provides that certain actions shall be tried in the county in which the defendant resides at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county, and actions for torts in the county where the tort was committed. Held, in an action for tort brought against a defendant in another county and the summons served in the county in which defendant lived, that it was incumbent upon plaintiff in resisting a motion for a change of venue to bring the case within the provision that actions for torts can be brought in the county in which the tort was committed; and, that having failed to do so, when the court denied the motion it lost jurisdiction of the case, and its retention thereafter constituted reversible error.— P. 71.

*Error to the District Court of the City and County of Denver. .*

*Hon. John I. Mullins, Judge.*

Action by Mabel D. Piggot against Charlotte Wheeler Byram. From a judgment for plaintiff, defendant brings error.     *Reversed.*

Messrs. WALDRON & THOMPSON, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action in tort, alienation of the affections of a husband. Plaintiff had a verdict and judgment, defendant brings error.

The action was brought in Arapahoe county. The defendant moved a change of venue, and affirmatively showed that she, at the time of the institution of the suit, was a resident of Larimer county, this state, and was served with process therein. In no manner did it appear by the complaint, or otherwise, that the tort constituting the cause of action was committed in Arapahoe county. The court denied the motion.

Section 27, Mills' Ann. Code, provides:

"In all other cases the actions shall be tried in the county in which the defendants or any of them may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county  *  *  * and actions for torts in the county where the tort was committed."

"The Texas Code (Revised Statutes of Texas, 1895, art. 1194), is substantially the same as section 27 of our code."—*Brewer v. Gordon,* 27 Colo. 111, 115.

In *Cohen v. Munson,* 59 Texas .236, approved in
*Brewer v. Gordon, supra,* the court said:

"To entitle plaintiff to sue in a county other than
the residence of the defendant, he must bring his case
.clearly within one of the exceptions."

An exception to the general rule entitling de-
fendant to be sued in the county of his residence is
that actions for torts may be brought "in the county
where the tort was committed."

It was incumbent upon the plaintiff in resisting
the motion for a change of venue to' bring the case
within this exception. This she failed to do, and the
motion should have been granted. When the court
failed to grant the motion, it lost jurisdiction of the
case, and its retention thereafter constituted revers-
ible error.—*Brewer v. Gordon, supra; Woodworth
v. Henderson,* 28 Colo. 381.

Judgment reversed. *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAX-
WELL concurring.