## EMERSON-BRANTINGHAM IMPLEMENT CO. v. GILES et al.

No. 3198.    Decided July 3, 1918.    (174 Pac., 181.)

CHATTEL MORTGAGES—FORECLOSURE—VENUE.  An action for fore-
closure of a chattel mortgage given as security for notes payable in
county of mortgagor's residence, if paid at maturity, and, if not then
paid, payable in S. county, may be commenced in the district court
of S. county, although no part of the mortgaged property is in S.
county; the applicable statute being Comp. Laws 1907, Section 2931,
rather than sections 2928, 152, or 3498.

Appeal from the District Court of Salt Lake County, Third
District; *Hon. H. M. Stephens,* Judge.

Action by the Emerson-Brantingham Implement Company
against J. H. Giles and another.

From judgment dismissing the action plaintiff appeals.

REVERSED, case reinstated, and defendants' special demur-
rer overruled.

*D. W. Moffat* for appellant. .

CORFMAN, J.

Plaintiff brought this action in the district court for Salt
Lake County on the 7th day of August, 1917, to recover an
amount alleged to be due on five promissory notes, and to
foreclose a chattel mortgage given as security for payment,
made and executed by the defendants.  Five separate causes
of action are stated in the usual form in the complaint, and
copies of the notes and mortgage are made a part thereof.
Each of the notes bears date August 31, 1916, and contains
the provision:

"Payable at State Bank of Millard County, if paid at ma-
turity; if not paid at maturity this note is to be paid at the
National Bank of the Republic at Salt Lake City, Utah."

The mortgage states the residence of the defendants to be in Millard County, Utah, and that the personal property mortgaged, ''at the time of these presents is in possession of and owned'' by the defendants in said Millard County. The defendants demurred to the complaint on two grounds, viz.:

''(1) That the court has no jurisdiction of the subject of the action for the reason that the same is an action to foreclose a chattel mortgage, and it nowhere appears in the complaint that the subject of the said action, that is, the property against which foreclosure is sought, is situated in Salt Lake County, or anywhere in the Third Judicial District of the state of Utah, and the same is not within the jurisdiction of this court; (2) that the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them.''

The demurrer was overruled by the district court upon the general ground, and sustained upon the special ground as to jurisdiction. Plaintiff refused to amend, and elected to stand upon its complaint, whereupon the court entered judgment dismissing the action. Plaintiff appeals.

The only question to be determined on the appeal is, Did the district court of Salt Lake County have jurisdiction? It is provided by section 7, art. 8, of the state Constitution, and by section 670, Comp. Laws Utah 1907, alike:

''The district court shall have original jurisdiction in all matters, civil and criminal, not excepted in the Constitution, and not prohibited by law.''

There is no allegation in the complaint as to the situs of the property at the time of the commencement of the action, unless it may be inferred from the recital found in the copy of the mortgage, attached to and made a part thereof, reading that it is ''in possession and owned by the defendant mortgagors in Millard County.'' For the purpose of considering the question of jurisdiction, raised by defendants' demurrer, we will assume the property at the time of the commencement of the action was in Millard County, and that it so appears upon the face of the complaint in this action. We will also assume, in the absence of any brief or argument before

this court in respondent's behalf, that the defendants, in presenting the question involved to the district court, made the contention that the court was without jurisdiction because the property, or some part thereof, was not within Salt Lake County—that was the question raised by the special demurrer to the complaint, and necessarily the only one that could be properly passed upon by the court in sustaining it. Again, we must assume that the district court held that our statutes controlling the foreclosure of liens and mortgages on real property obtains in the foreclosure of chattel mortgages. Section 2928, c. 7, Comp. Laws of Utah 1907, with respect to place of trial, so far as may be material here in considering the jurisdiction of the district courts in the trial of foreclosure of mortgages on real property, provides:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code: * * * (3) For the foreclosure of all liens and mortgages on real property."

No express mention is made under chapter 7 concerning the foreclosure of chattel mortgages. However, it is provided by section 2931 of said chapter:

"When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides."

Section 152, tit. 12, Comp. Laws 1907, treating of chattel mortgages, contains this provision:

"An action for the foreclosure of a mortgage of personal property or for the enforcement of any lien thereon, may be conducted in the manner provided by law for the foreclosure of a mortgage or lien upon real property, and without the right of redemption."

Section 3498 of chapter 59, treating of foreclosure of mortgages, reads:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon

real estate or personal property, which action must be in accordance with the provisions of this chapter.''

No mention is made, however, in this chapter, concerning what court shall have jurisdiction in foreclosure suits. We find no statutory requirement, express or implied, that an action for the foreclosure of a chattel mortgage must be commenced or conducted in a court for the county in which the property is located. This class of actions, as to jurisdiction and venue, are generally regarded as transitory, and may be brought in any court with equity powers, having jurisdiction over the mortgagors, regardless of where the property may be located. Cobbey on Chattel Mortgages, vol. 2, section 951; Jones on Chattel Mortgages, section 782 (5th Ed.); C. J., vol. 11, section 538, p. 721. In this action the contractual obligations of the defendants were to be performed in Salt Lake County, and we think the provision of section 2931 of Comp. Laws Utah 1907, above quoted, clearly applies. The plaintiff, by reason of the defendants having contracted in writing to make payment of the notes in Salt Lake County, had the right to commence and prosecute his action either in Salt Lake County, where the obligation under their contract was to be performed, or in Millard County, where they reside. They breached their contract, by not paying the mortgage indebtedness, in Salt Lake County, and that is where the cause of action arose. Moreover, section 2933, c. 93, Laws Utah 1913, provides:

''If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits and demands, in writing, that the trial be had in the proper county.''

If it were conceded, therefore, that the plaintiff's action was commenced in the wrong county, yet the defendants did not comply with the foregoing section by filing an affidavit of merit.

For the foregoing reasons it is ordered that the judgment of the district court dismissing plaintiff's action be reversed,

Appeal from Third District.

that the case be reinstated, and that the special demurrer of the defendants be overruled.

Costs to appellant.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.