## PALFREYMAN v. TRUEMAN, District Judge.

No. 6623. Decided November 4, 1943. (142 P. 2d 677.)

*A. H. Christenson,* of Provo, for plaintiff.

*Arthur Woolley,* of Ogden, for defendant.

WADE, Justice.

This is a proceeding in mandamus. Heretofore an alternative writ of mandamus issued from this court requiring respondent to transfer the case of R. C. Green, Plaintiff, v. B. D. Palfreyman, Defendant, which is pending in the District Court of Weber County, Utah, to Utah County, Utah, or show cause why it should not be done.

R. C. Green commenced an action against B. D. Palfreyman, the petitioner herein, in the District Court of Weber County for an accounting of profits which he alleged were due him under a certain written agreement. The petitioner herein is a resident of Provo, Utah County, Utah, and the summons was served on him in Utah County. Within due time petitioner herein filed a general demurrer to the complaint and a demand for change of venue from Weber County to Utah County, on the ground that he was a resident of Utah County; with this motion for change of venue were filed the required affidavits of residence and merit. No traverse and no objections to the sufficiency of the affidavits were made. After hearing the motion to change the venue was denied by the district court.

R. C. Green based his suit upon a written contract entered into between B. D. Palfreyman as first party and himself and one J. D. Watson as second parties. We shall not set forth this agreement verbatim but only give in substance and effect those terms which we consider relevant to a decision of the question involved in this proceeding.

The contract recited that B. D. Palfreyman had an agreement with the Better Built Homes and Associates, Inc., for building the foundations for 2,000 houses in and near Ogden, Utah [which is in Weber County]. By the terms of the contract the second parties were to supervise and execute the contract referred to in the recital and in consideration for this they were to receive $10 per diem and 25% of the net profits. B. D. Palfreyman was to collect all the moneys due on his agreement with the Better Built Homes and Associates, Inc., and to deposit those moneys in a separate banking account. All expenses were to be paid from this account. Office and sleeping quarters were to be provided at or near the scene of construction, each party to bear one-third of the costs.

Subsequently B. D. Palfreyman entered into a supplemental agreement with the Better Built Homes and Associates, Inc., whereby he was to do additional work on the 2,000 houses. Watson and Green thereupon agreed to do this additional work under the same terms as agreed upon in their contract with B. D. Palfreyman.

Sec. 104-4-4, U. C. A. 1943, provides that:

"When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides."

This section has been interpreted by this court to apply only to written contracts which specify the place where the defendant is to perform an obligation. If from the face of the contract it can be determined that the obligation of the defendant is to be performed at a place

other than the residence of the defendant, then the plaintiff has the choice of bringing his suit either in the place where the obligation is to be performed or in the county where the defendant resides. See *Buckle* v. *Ogden F. & C. Co.*, 61 Utah 559, 216 P. 684.

For the purpose of venue, the place where the defendant is to perform the obligation must be determinable from either the express terms of the written agreement or from the necessary implication of those terms.  ■ *Atlas Acceptance Corp.* v. *District Judge*, 85 Utah 352, 39 P. 2d 710; *Floor* v. *Mitchell et al.*, 86 Utah 203, 41 P. 2d 281.

The complaint in the instant case is based on an alleged failure of defendant to make a proper accounting and to pay to plaintiff the net proceeds due him under the contract. In reading the contract it appears that no particular place is specified where the accounting is to take place nor where the payment is to be made. If respondent is to prevail it must be because the necessary implications of the express terms of the contract show that the accounting or payment are to be made in Weber County.

As shown above, plaintiff's obligations were contemplated by the contract to be performed at or near Ogden, Utah, and an office was to be maintained at or near the place of construction. It is from these two terms that the necessary implications must stem that the accounting and payment, which were defendant's obligations, were to take place at Ogden, Utah.

This court, speaking through Mr. Chief Justice Straup in the case of *Atlas Acceptance Corp.* v. *District Judge*, supra, has defined what it means by "necessary implication." In that case on page 363 of the Utah Reports, 39 P. 2d on page 714, this court said:

"* * * Thus it is said that the term 'necessary implication' is that which leaves no room to doubt, [citation] and that 'necessary implication' in case of the construction of instruments means not

natural necessity, but so strong a probability of intention that an intention contrary to that which is imputed cannot be supposed."

It is too well known to need demonstration that very often services are performed in one place and payment for said services made in an entirely different place. There is too much room for doubt as to where the payment is to be made to say that because services are to be performed at a certain place therefore the payment must necessarily be made at that place.

It has been contended that since the terms of the contract required the maintenance of an office at or near the place of construction and the keeping of a separate banking account, the necessary implication of those terms is that the accounting and payment are to be made from that office. Offices are maintained for a variety of reasons and not every office is a place where payment or accountings must necessarily be made. There is nothing on the face of the contract from which it can be determined where the separate banking account was to be opened. It is just as reasonable to infer that said account was to be opened in a bank located in the county in which defendant resides or any other place as it is to infer that it is to be opened in Weber County. Because the terms of the contract do not expressly provide the place where defendant is to perform his obligations and since there is nothing in the terms from which it must necessarily be implied that they be performed in any particular place, it follows that the court should have granted the motion for a change of venue.

The alternative writ heretofore granted is hereby made permanent and the District Court of Weber County is directed to transfer the files to the District Court of Utah County.

WOLFE, C. J., and LARSON, McDONOUGH, and MOFFAT, JJ., concur.