SIMMONS et al. v. HOYT, Judge, et al.

No. 6901.  Decided March 15, 1946.  (167 P. 2d 27.)

See 67 C. J., Venue, sec. 155; 27 R. C. L., 806.

*J. C. Halbersleben,* of Provo, for plaintiffs.

*Ellis J. Pickett,* of St. George, and *Gustin & Richards,* of Salt Lake City, for defendants.

PRATT, Justice.

The issue here is one of venue. In particular the interpretation of Sec. 104-4-4 of the Utah Code Annotated 1943 is in controversy. That section reads:

"When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides."

At St. George, Washington County, Utah, the following note was executed and delivered by the makers to deceased, of whose estate Clarence E. Miller is the duly appointed, qualified and acting ancillary administrator:

"$1,500.00                                    October 1, 1936
Four months after date, for value received, I/we promise to pay to the order of J. J. Miller of Cedar City, Utah, Fifteen Hundred and no/100 Dollars lawful money of the United States of America, with interest thereon, in like money from date at the rate of eight per cent, per annum until paid. Interest payable at maturity if the inter-

est is not paid when due, then both principal and interest shall become due at the option of the holder of this note.

The makers, sureties, guarantors and endorsers hereof severally waive presentation for payment, notice of dishonor, protest and notice of protest. In case this note is placed in the hands of an attorney for collection, the undersigned agrees to pay a reasonable attorney's fee with all costs and expenses incurred.

P. O. St. George, Utah Phone 184

E. W. Simmons
Florence F. Simmons"

Basing his complaint upon an allegation that the note is part of the assets of the deceased and that it has not been paid, said administrator commenced action thereon in the district court of Washington County. Defendants seek to have the action transferred to the District Court of Utah County upon the ground that the latter county is their residence and was so at the time of the commencement of the action. Defendants' demand for change of venue was denied in the lower court and they petitioned this court for an alternative writ of mandate. The writ was issued, and the question has now been submitted as to whether or not a peremptory writ should issue.

Petitioners maintain that as the note does not in its terms expressly provide for payment in a particular county, it is payable in the county of the residence of its makers. Respondents—the administrator and the judge of the District Court of Washington County—maintain that the note presumptively requires payment in the county of its execution unless evidence is introduced indicating an intention to the contrary and as no such evidence was presented here, Washington County is a proper county for the action.

The important words of Sec. 104-4-4 are these:

"* * * has contracted in writing to perform * * * in a particular county * * *."

Are those words limited to an express promise to perform in a particular county, or do they include legal implications of the place of performance?

This court has held:

"Requiring persons sued to defend legal actions at places remote from where they reside exposes them to an expense and disadvantage manifestly unjust, and to avoid such mischief the general modern tendency is to fix the venue of transitory actions at the residence of the defendant. * * * that the actions which may be tried elsewhere are limited and restricted to those which the statute itself excepts from the general rule." *Buckle* v. *Ogden Furniture & Carpet Co.*, 61 Utah 559, 216 P. 684, 685.

What is more logical, then, than to make, as an exception, an action founded upon a contract wherein the parties in recognition of the importance to them of the place of performance have, in writing expressly pointed out just where that contract is to be performed?

In the case of *Atlas Acceptance Corporation* v. *Pratt, District Judge*, 85 Utah 352, 39 P. 2d 710, 714, the late Hon. D. N. Straup, then chief justice of this court, gave a very thorough discussion of this question with the following conclusion:

"* * * to bar the defendant from having the case transferred for trial to the county of his residence it must *expressly or by necessary implication* be made to appear on the face of the contract itself that the obligation was to be performed in the county where the action was brought."

The implication to which reference is made in italics is one of fact, not of law, and is one arising out of the requirements of the particular contract in question. In other words to bring the plaintiff within the terms of Sec. 104-4-4 it is unnecessary that the desired performance within a particular county be limited in expression to such direct words as: "This contract will be performed in blank county" or "Payment will be made in blank county." If the requirements of the contract are such that they, by their necessary intendment, require the performance in a particular county, they fall within the terms of Sec. 104-4-4.

In the case of *Floor* v. *Mitchell*, 86 Utah 203, 41 P. 2d 281, 284, the late Hon. David W. Moffat, then a justice of

this court, recognized this same principle when he said that the necessary implication must be made to appear on the face of the contract. He said this:

"Mere reference to residence or place of business having no reference to performance is not sufficient."

The same distinction was recognized by this court in *Palfreyman* v. *Trueman, District Judge,* 105 Utah 463, 142 P. 2d 677—opinion by the Hon. Lester A. Wade, Justice.

In the case at bar, however, the implication that respondent would have us apply is not one arising out of any necessary intendment of the terms of the note. At the bottom of the note the following words appear: "P. O. St. George, Utah Phone 184." The only other reference to place is the recitation of the residence of J. J. Miller, the payee: "J. J. Miller of Cedar City, Utah." From neither of these can it be said, as a factual implication, that *it was necessarily intended that performance in a particular county was within the contemplation of the parties.* If the place of performance is of importance to the parties, they will not leave the evidence of their belief in its importance to a legal fiction founded upon the acts of contracting parties generally.

This court is of the opinion that a peremptory writ should issue. It is so ordered.

LARSON, C. J., and McDONOUGH, WADE, and WOLFE, JJ., concur.