CASE 98—SLANDER—FEB. 24.

# Bright v. Hammond.

APPEAL FROM BOYLE CIRCUIT COURT.

VENUE—ACTION FOR SLANDER.—An action for damages for slander may be brought in the county where the defamatory words are uttered whether the defendant be a resident of the State or not.

W. G. WELCH, C. R. McDOWELL AND R. P. JACOBS, FOR APPELLANT.

The Boyle Circuit Court had no jurisdiction of the action. Civil Code, secs. 763; 74, 78; Bliss on Code Pleading (2d. ed.), sec. 284; Sherrill v. C., O. & S. W. R. R. Co., 89 Ky., 302; Newman's Pleading & Practice, p. 283; Freeman on Judgments (2d. ed.) sec. 123; Black on Judgments, p. 261, sec. 215; Black on Judgments, vol. 1, sec. 218.

SAME COUNSEL IN A PETITION FOR A REHEARING.

Citations: Bosley v. Mattingly, 14 B. M., 73; Brace v. Shaw, 16 B. M., 80; Dazey v. Killam, 1 Duv., 407; Sedgwick on Statutory and Constitutional Law, chap. 6.

ROBT. HARDING AND JOHN W. YERKES, FOR APPELLEE.

The Boyle Circuit Court had full jurisdiction of the subject-matter of the action and of the person of defendant, now appellant Bright, and question of jurisdiction of the person can only be raised by special demurrer or by plea. Ky. Code of Practice, secs. 74, 118, 92; Baker v. L. & N. R. R. Co., 4 Bush, 619; Newman on Pld. & Prac., pp. 47-53.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This was an action for slander brought by the appellee against the appellant in the Boyle Circuit Court. It is alleged in the petition that the appellant spoke, of and concerning the appellee, the slanderous words complained of, in the county of Boyle. Summons was issued and served

upon appellant in the county of Lincoln. The appellant entered a motion to quash the service of the summons upon the ground that the circuit court of Boyle county had no jurisdiction of the defendant, by reason of service upon him in Lincoln county, which motion was overruled by the court. Afterwards appellant filed his answer, as well as sundry amendments thereto, from one of which it appears that he was a Justice of the Peace in the county of Lincoln. A trial resulted in a verdict and judgment in favor of appellee for $1,000, and, appellant's motion for new trial and to set aside the judgment having been overruled, he has appealed to this court.

There is no bill of exceptions, and it seems to be agreed between the parties that the only question presented for decision is as to the jurisdiction of the circuit court of Boyle county of the person of the defendant. It is not alleged in the petition that the appellant was a citizen of the State of Kentucky, and it is the contention of appellant that as a matter of law the summons served upon him in Lincoln county was a nullity, unless the petition showed that he was a citizen or resident of the State of Kentucky, and that the court erred in overruling his motion to quash the service of summons, and that the judgment rendered is absolutely void, and that the same ought to have been set aside upon his motion.

It is the contention of appellee that, inasmuch as the slanderous words were spoken in Boyle county, the Boyle Circuit Court had jurisdiction of the action and of the defendant, and that service of summons was legal in any county in which the appellant might be found.

The question at issue depends upon construction of the Code of Practice. It may be conceded that prior to the adoption of the Code the action would have had to have been

prosecuted either in the county of the defendant's residence, or in some county in which he was served with process. Section 74 of the Code reads as follows: "Every other action for an injury to the person of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this State, must be brought in the county in which the defendant resides, or in which the injury is done."

Section 78 is as follows: "An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

It will be observed that the provisions of section 74 as to the prosecution of an action for injury to character is mandatory as to the county in which the action must be brought, and limits the right of the plaintiff to one of two counties, namely, the county of the defendant's residence, if he resides in the State, or the county in which the injury is done. It is manifest that, if it had been alleged in the petition that the defendant was a resident of the State of Kentucky, then the service of summons in any part of the State would have been sufficient to give the Boyle Circuit Court jurisdiction; and it may well be doubted whether the omission to allege the residence of the defendant should be held to be such an omission as of itself to show want of jurisdiction in the court.

It may be contended with much plausibility that the fact that the pleadings of appellant, after his motion was overruled, showing him to be a resident of Kentucky, cured the defect, if any there was. in the petition. It is true, how-

ever, that that averment was stricken out by the court upon its own motion.

We are, however, of opinion that section 74, *supra,* was intended for the mutual protection and benefit of the plaintiff and defendant, where the defendant was a resident of the State, and that the true meaning of the section is that a resident of the State shall only be sued in the county of his residence, or in the county in which the injury was done, and that the plaintiff may elect in which of the two counties he will institute his suit, and that a person who is not a resident of the State may be sued in the county in which the injury occurred or was inflicted. Any other construction would tend to restrict the rights of the plaintiff as against a non-resident of the State, or, in other words, would place a non-resident of the State in a more favorable attitude than a resident, which is contrary as we think, to the spirit and meaning of the law.

We do not think that section 78 of the Code is at all in conflict with the construction given section 74. If the contention of appellant should be sustained, it would follow that in actions for slander the plaintiff would be bound to prosecute such an action against a non-resident owner in such a county in which he might be able to obtain service upon the defendant. We think such a construction is contrary to the written provisions, as well as the spirit, of the law.

It results from the foregoing that the Boyle Circuit Court had jurisdiction to hear and determine the complaint and to render judgment and the judgment is therefore affirmed