## STATE v. CERTAIN INTOXICATING LIQUORS et al.

No. 3250.   Decided Nov. 30, 1918.   Rehearing Denied Jan. 6, 1919.
(177 Pac. 235.)

1. INTOXICATING LIQUORS—POSSESSION—FORFEITURE.  Laws 1917, c. 2, sections 3, 26, prohibit the possession of intoxicating liquors kept by a family as a beverage and such liquors were contraband, and subject to seizure, forfeiture, and destruction.[1]  (Page 173.)

2. INTOXICATING  LIQUORS — FORFEITURE  PROCEEDINGS — REVIEW — CHANGE OF VENUE—DISCRETION.  A reversal will not be granted on account of denial of a motion for change of venue in a proceeding to forfeit intoxicating liquors, unless it is clearly made to appear that there was an abuse of discretion.[2]  (Page 173.)

3. JURY—PROCEEDINGS TO DESTROY LIQUOR.  Under Laws 1917, c. 2, section 17, in a proceeding against intoxicating liquors looking to their destruction, court did not err in denying a jury trial, where the only person appearing as defendant admitted that he claimed the liquors and kept them for purposes clearly in violation of the statute.  (Page 174.)

4. CRIMINAL LAW—ACTIONS TO DESTROY LIQUOR—FORMER JEOPARDY.  Acquittal of defendant in a prosecution for having liquors unlawfully in his possession under Laws 1917, c. 2, had no bearing in a subsequent action by the state under such act looking only to the destruction of the liquor.  (Page 174.)
Gideon, J., dissenting.

Appeal from the District Court of Weber County, Second District; *Hon. A. W. Agee,* Judge.

Action by the State of Utah against Certain Intoxicating Liquors.

From a judgment ordering that the liquor be destroyed and their retainers sold at public auction, Joseph Laucirica, who appeared in the action claiming the liquors, appeals.

AFFIRMED.

---

[1] *State* v. *Certain Intoxicating Liquors,* 51 Utah, 569, 172 Pac. 1050.

[2] *State* v. *Carrington,* 15 Utah, 480, 50 Pac. 526.

*A. G. Horn* for appellant.

*Dan B. Shields,* Atty. Gen., and *O. C. Dalby* and *Herbert Van Dam, Jr.,* Asst. Attys. Gen., for the State.

CORFMAN, J.

This was an action brought on behalf of the plaintiff, the state of Utah, against certain intoxicating liquors, under the provisions of chapter 2, Laws of Utah 1917, prohibiting and regulating the sale, manufacture, use, possession, etc., of intoxicating liquors within the state.

It appears from the record here that on September 20, 1917, affidavit was made and filed in the district court for Weber county that certain intoxicating liquors were then unlawfully held at the Paris Hotel in Ogden City, Utah, and that thereupon a search and seizure warrant was duly issued commanding the sheriff of said Weber county to search said premises and seize the liquors alleged to be on said premises. In executing the warrant a large quantity of liquor, to-wit, "sixteen gallon jugs, five gallon jugs and three gallon jugs of wine, thirty-nine bottles of beer, twenty-two pint flasks of whisky, fourteen one-half pints of whisky, three broken pints of whisky, one ten-gallon keg of wine, three barrels of bottled wine, twelve barrels of wine, each containing about fifty gallons, and forty-five broken bottles of wine and whisky," was found on the said premises and taken into possession by the said sheriff. After seizure of the liquors, notice was given all persons to show cause why the same should not be forfeited as provided by law, and thereafter, October 13, 1917, Joseph Laucirica appeared in said action claiming the liquors. Thereupon an order was made by the said district court making him a party defendant in said action. Thereafter, the defendant Joseph Laucirica filed his answer in said action, claiming said liqours and alleging that—

"He had the same in his home and was then and there using the same for his own family use, and that he and his family used said beverages instead of tea and coffee and as a part of

their regular meals, and that he made no other use or disposition of said goods and liquors."

The said defendant further alleged that he had been tried on September 22, 1917, in the municipal court of Ogden City, Utah, upon a criminal charge brought by the state of Utah against him for unlawfully having the said liquors in his possession, and that after a trial in said court, involving the identical issues then before the district court, he had been duly acquitted, and that said former adjudication and acquittal was a bar to this proceeding.

It appears from the record that other preliminary proceedings were had before the district court, not material here nor necessary to mention in the consideration of the defendant's appeal to this court.

The case was tried to the court without a jury. The trial court found the issues in favor of the plaintiff and ordered and adjudged that the liquors seized be forfeited to the state of Utah; that they be destroyed by the sheriff of Weber county; and that their retainers be sold at public auction as provided by statute. The defendant, Joseph Laucirica, relies upon, complains of, and assigns as errors on the part of the district court:

First. The refusal of the trial judge to grant a change of venue and a continuance upon defendant's application.

Second. The refusal to grant the defendant a jury trial.

Third. The refusal to entertain the evidence of defendant's former acquittal in the municipal court of Ogden City, pleaded in bar to plaintiff's action.

We think every assignment of error contended for by the defendant is wholly without merit. The answer of the defendant wherein he claimed the liquors and alleged that they were kept, held, and used by him and his family     1, 2 as a beverage, presented no issue to be tried by the district court, but fully established the fact that they were contraband liquors and subject to seizure, forfeiture, and destruction under the statute and the former rulings of this court. Section 3, c. 2, Laws Utah 1917; section 26, supra; *State* v. *Certain Intoxicating Liquors,* 51 Utah, 569, 172 Pac. 1050. But, assuming that the district court had before it some issue

to try, the first contention made, that the court erred in re-
fusing to change the place of trial upon application of the
defendant supported by affidavit, cannot be sustained. That
matter rested within the sound discretion of the trial court.
While the action of the court in exercising its discretion in
that regard is subject to review by this court, a reversal will
not be granted unless it is clearly made to appear that there
was an abuse of such discretion. *State* v. *Carrington,* 15 Utah,
480, 50 Pac. 526.   The record here not only shows that the
trial court found that many of the allegations of defendant's
affidavit were untrue, but, if admittedly true, wholly insuffi-
cient to warrant the granting of the order applied for.

We think the refusals of the district court to grant the de-
fendant a continuance, denying a trial by jury, and to enter-
tain the evidence of a former acquittal of the defendant
before the municipal court, were wholly justified in
view of the record before us.   While ordinarily, un-
der the provisions of the statute, section 17, c. 2, Laws Utah
1917, the trial of this class of cases is to be conducted as in
criminal prosecutions, and it is therein expressly provided
that "if any person shall appear and be made a party * * *
and shall make a written plea that said liquors, vessels or
other property or any part thereof, claimed by him, were not
owned or kept with intent to be used in violation of the law,
such party defendant may demand a jury to try the issue,"
yet when, as here, the defendant, by his pleading, admitted
that he claimed the liquors and kept and held them for pur-
poses clearly in violation of the statute, there was no issue to
be tried to the court or a jury, and the court very properly
assumed the initiative and rendered judgment that the liquors
should be forfeited and destroyed.

The acquittal of the defendant in the municipal court of
Ogden City had no bearing on the issues involved in this
action.   This proceeding was directed wholly against
the liquors in the interests of the public, not for the
purpose of subjecting the defendant Laucirica to any
penalties, nor was he placed in jeopardy before the court by
becoming a party to the action.   Therefore the impaneling of
a jury because of the defendant's appearance and voluntarily

becoming a party to the action, on the ground of his claiming an interest in the liquors and pleading an acquittal in a former proceeding in another tribunal in which he had been prosecuted criminally, would have rendered these proceedings farcical.

We find no merit in this appeal, and therefore it is ordered that the judgment of the district court be affirmed. Costs to respondent.

FRICK, C. J., and McCARTY and THURMAN, JJ., concur.

GIDEON, J. (dissenting).

I am unable to concur in the order affirming the judgment of the district court. There is such a thing in this state, even under the provisions of chapter 2, Laws Utah 1917, known as the "Prohibition Act," as lawful as well as unlawful possession of intoxicating liquors. On the date of issuing the search and seizure warrant by which the liquors in question were taken from the defendant Laucirica, he was at the same time arrested for unlawfully having such liquors in his possession, upon a warrant issued from the municipal court of Ogden City. That court unquestionably had jurisdiction to try the issues in such proceeding. Subsequently a trial was had, and the defendant was acquitted of the charge of having such liquors unlawfully in his possession. At the trial of this action the defendant offered the record of the proceedings and the judgment in that case as a bar. That the controversy in both proceedings related to the same subject-matter and was between the same parties is, in my opinion, self-evident. It is not contended that the right exists in the state to forfeit intoxicating liquors unless the same are unlawfully held by the party in whose possession the same are found. By the provisions of section 17 of said chapter 2, when any one shall appear and claim the liquors, vessels, etc., taken under the search and seizure warrant, the trial "may be the same substantially as in the cases of criminal prosecutions before such courts," etc. Necessarily it must follow, under that pro-

vision, that to authorize a forfeiture or confiscation of liquors the proof produced by the state must be of such weight or degree as would be required to convict in criminal proceedings. That is to say, the same degree of proof was required to authorize the court to confiscate the liquors in this proceeding as was required to convict the defendant in the municipal court. As stated above, the controversy was between the same parties and related to the same subject-matter. That controversy, having been determined contrary to the contention of the state, is res adjudicata against the state in this proceeding. The question of whether any one can have title to the particular goods is not in issue and is not material. The controversy relates solely to the lawful or unlawful possession of the goods in question. Neither is it in question as to whether the state was wrong in prosecuting the defendant in the municipal court. Such proceedings were actually had and were determined in favor of the defendant. I am unable to see why the facts as shown by this record are not controlled by the decisions in *Coffey* v. *United States*, 116 U. S. 442, 6 Sup. Ct. 437, 29 L. Ed. 684, and *State* v. *Intoxicating Liquors*, 72 Vt. 253, 47 Atl. 779, 82 Am. St. Rep. 937. I therefore dissent.