## BUCKLE v. OGDEN FURNITURE & CARPET CO.

No. 3899.    Decided June 1, 1923.    Rehearing Denied July 16, 1923.
(216 Pac. 684.)

1.  STATUTES—INTERPRETATION ADOPTED WHICH GIVES EFFECT TO
    EACH PROVISION OF STATUTE.  It is not to be presumed that the
    Legislature would enact a vain and meaningless statute, and
    hence an interpretation will be adopted where possible which
    gives effect to each provision, and harmonizes them with each
    other, so that none will be meaningless.

2.  STATUTES—LEGISLATIVE INTENT DETERMINED FROM GENERAL VIEW
    OF WHOLE ACT.  In construing a statute the legislative intent is
    to be determined from a general view of the whole act with
    reference to the subject-matter to which it applies, and effect
    is to be given, if possible, to every word, clause, and sentence,
    and as far as practicable reconcile the different provisions so
    as to make them consistent and harmonious, and to give a
    sensible and intelligent effect to each.[1]

3.  VENUE—LEGISLATIVE INTENT TO ESTABLISH GENERAL RIGHT OF
    PERSON SUED TO HAVE ACTION TRIED IN COUNTY WHERE ONE OF
    THEM RESIDES.  By giving sensible and effective meaning to
    Comp. Laws 1917, §§ 6525-6536, relating to venue, the conclu-
    sion is that it was intended to establish the general right of
    persons sued to have the action tried in the county where one
    of them resides, and that actions which may be tried elsewhere
    are limited and restricted to those which are excepted from
    the general rule.

4.  VENUE—ACTIONS ON CONTRACTS NOT IN WRITING NOT AUTHORIZED
    TO BE TRIED OUT OF DEFENDANT'S COUNTY.  Comp. Laws. 1917,
    § 6528, providing that actions on written contracts to be per-
    formed at a particular place may be tried where the cause of
    action arises or where defendant resides, relates to actions on
    contracts only, and by implication, and the maxim "Expressio

[1] *Morrison* v. *Carey-Lombard Co.*, 9 Utah, 70, 33 Pac. 238; *Lumber Co.* v. *Partridge*, 10 Utah, 322, 37 Pac. 572; *Hoffman* v. *Lewis*, 31 Utah, 179, 87 Pac. 167; *Lawson* v. *Tripp*, 34 Utah, 28, 95 Pac. 520; *State* v. *White*, 41 Utah, 480; 126 Pac. 330; *In re Hone's Estate*, 50 Utah, 92, 166 Pac. 990; *State R. Com.* v. *Ind. Com.*, 56 Utah, 252, 190 Pac. 544; *Bd. of Ed.* v. *Bryner*, 37 Utah, 78, 192 Pac. 617; *Spring C. C. Co.* v. *Ind. Com.*, 57 Utah, 208, 193 Pac. 821; *Forsyth* v. *Selma Mines Co.*, 58 Utah, 142, 197 Pac. 586.

unius est exclusio alterius" means that actions on contracts not in writing are excluded therefrom, and not authorized to be tried out of the county where defendant resides; and hence a cause of action not on contract must be tried in the county in which it arises or in which defendant resides, at commencement thereof, as section 6531 provides that all other actions must be tried in the county in which the cause arises or in which defendant resides at commencement thereof; the words "where the cause of action arises" being referable to cases not on contracts.

5. VENUE—ACTIONS ON UNWRITTEN CONTRACTS TRIED IN COUNTY WHERE DEFENDANT RESIDES. An action on contract not in writing on proper and timely demand being made must be tried in the county where one of the defendants reside at its commencement.

6. APPEAL AND ERROR—DENIAL OF RIGHT TO CHANGE OF VENUE IS DENIAL OF SUBSTANTIAL RIGHT, AND REVERSIBLE ERROR. The right of a defendant in an action on a contract not in writing to be sued in the county in which defendant resided at commencement thereof is a substantial right, and when properly demanded it is reversible error to deny it.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson*, Judge.

Action by J. V. Buckle against the Ogden Furniture & Carpet Company. Judgment for plaintiff, and defendant appeals.

REVERSED and REMANDED, with instructions.

*R. S. Farnsworth*, of Ogden, for appellant.

*Walter C. Hurd*, of Salt Lake City, for respondent.

CHERRY, J.

Plaintiff, a resident of Salt Lake county, brought this action in the district court of Salt Lake county to recover $2,402.85, which he alleged the defendant promised to pay him at Salt

Lake City for goods sold and delivered. Defendant filed its answer, denying the sale and delivery of the goods, and pleading that the alleged sale was of goods of value more than $500, and that defendant did not accept the goods nor make any payment thereon, and that no note or memorandum of the alleged contract was signed by defendant, and that the contract was therefore void under the statute of frauds. At the same time the defendant filed a motion and demand that the place of trial of the action be changed to Weber county, upon the grounds (1) that the defendant at the commencement of the action was a resident of Weber county, and not a resident of Salt Lake county, (2) that the defendant has not contracted in writing to perform any obligation in Salt Lake county, and (3) that the alleged cause of action did not arise in Salt Lake county. The motion was supported by affidavits that the defendant, at the commencement of the action, was a resident of Weber county, and not Salt Lake county, and that defendant had not promised to pay the plaintiff any sum of money for said goods at Salt Lake City or elsewhere, or at all. The motion to change the place of trial was denied, and the action was later tried on its merits before the court, resulting in a judgment for the plaintiff, from which defendant has appealed.

The order of the trial court denying the change of venue is assigned as error. That the defendant's residence was in Weber county at the commencement of the action was not disputed. There was no claim made that the defendant had contracted in writing to perform the obligation in Salt Lake county. The complaint alleged that the plaintiff resided in Salt Lake county, and that the price of the goods was payable in Salt Lake county. The affidavit of the defendant denied that any debt was due at all, or that any promise to pay in Salt Lake county or elsewhere was ever made. The ultimate facts, for the purpose of determining the venue, were therefore that the plaintiff, while a resident of Salt Lake county, sold and delivered goods to defendant at Weber county, upon an oral contract for the payment of the price, with no stipulation as to the place of payment, and at the commencement

of the action in Salt Lake county the defendant resided and was served with summons in Weber county.

Comp. Laws Utah 1917, §§ 6525-6536, relate to the place of trial of civil actions. The sections having application to the case at bar are as follows:

Section 6528: "When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides. * * *"

Section 6531: "In all other cases the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action. * * *"

To support the conclusion of the trial court that the action was properly tried in Salt Lake county, the argument is made that a cause of action on contract arises, not where the contract is made, but where it is broken; that the basis of the action is the omission to perform what is required by the contract; that, while the contract constitutes necessary evidence to establish a right to recover, it does not constitute the thing which establishes the right to bring the action, although such thing must have been preceded by the contract; that which gives the cause for complaint is the breach; that, in the absence of agreement on the subject, a contract for the payment of money is payable where the creditor resides, if he is within the state. Hence the cause of action in this case arose in Salt Lake county, the place of plaintiff's residence, when defendant failed to make payment for the goods, and under the provisions of section 6531 the action was properly tried there.

The general propositions of law stated as to when and where a cause of action arises may be conceded, and would be decisive of the question here, were it not for section 6528, which the foregoing argument entirely ignores. If section 6531 is not modified by section 6528, the former section in actions on contracts clearly authorizes the venue in the county where the cause of action arises whether the contract is written or oral. Section 6528, reduced to narrow legal terms, is that actions on written contracts to be performed at a par-

ticular place may be tried where the cause of action arises, or where the defendant resides. If it was intended to mean no more, then it is a vain and useless statute, and contains nothing not within the general provisions of section 6531.

But it is not to be presumed that the Legislature would enact a vain and meaningless statute. We conceive it to be our duty, if possible, to adopt that interpretation which will give effect to each provision and harmonize them with each other, so that neither will be meaningless.

In construing a statute, the legislative intent is to be determined from a general view of the whole act with reference to the subject-matter to which it applies, and it is a cardinal rule that effect is to be given, if possible, to every word, clause, and sentence, and as far as practicable reconcile the different provisions so as to make them consistent and harmonious and to give a sensible and intelligent effect to each. 36 Cyc. 1128, 1129; *Morrison* v. *Carey-Lombard Co.,* 9 Utah, 70, 33 Pac. 238; *Lumber Co.* v. *Partridge,* 10 Utah, 322, 37 Pac. 572; *Hoffman* v. *Lewis,* 31 Utah, 179, 87 Pac. 167; *Lawson* v. *Tripp,* 34 Utah, 28, 95 Pac. 520; *State* v. *White,* 41 Utah, 480, 126 Pac. 330; *In re Hone's Estate,* 50 Utah, 92, 166 Pac. 990; *State R. Com.* v. *Ind. Com.,* 56 Utah, 252, 190 Pac. 544; *Bd. of Ed.* v. *Bryner,* 57 Utah, 78, 192 Pac. 627; *Spring C. C. Co.* v. *Ind. Com.,* 57 Utah, 208, 193 Pac. 821; *Forsyth* v. *Serma Mines Co.,* 58 Utah, 142, 197 Pac. 586.

In *Bd. of Ed.* v. *Bryner,* supra, Mr. Justice Frick said:

"In that connection it is also necessary to observe the cardinal rule of construction that every word and phrase must be given some force and effect if possible, and this notwithstanding the fact that in doing so the effect of the particular section or statute may thereby be enlarged or restricted as the case may be."

Requiring persons sued to defend legal actions at places remote from where they reside exposes them to an expense and disadvantage manifestly unjust, and to avoid such mischief the general modern tendency is to fix the venue of transitory actions at the residence of the defendant. By giving a sensible and effective meaning to all the provisions of the statute, and considering them to-

gether, the only rational conclusion is that the Legislature intended to establish the general right of persons sued to have the action tried in the county where one of them resides, and that the actions which may be tried elsewhere are limited and restricted to those which the statute itself excepts from the general rule.

Section 6528 relates to actions upon contracts only, and, if it means anything at all, it means that, when a defendant has contracted in writing to perform an obligation in a particular county, and resides in another county, the action may be tried in the former county, and by plain implication, and the maxim "*Expressio unius est exclusio alterius,*" it means that actions on contracts not in writing are excluded, and are not authorized to be tried out of the county where the defendant resides.

Section 6531 provides that "in all other cases" (that is, in all cases not otherwise provided for in the statute) the action may be tried in the county where the cause of action arises or where the defendant resides. The words "where the cause of action arises" are referable to cases not on contracts, because the venue in actions on contracts, in respect of where they arise, is disposed of by section 6528, as above interpreted.

It is therefore the conclusion of this court that actions upon contracts not in writing, upon proper and timely demand being made, must be tried in the county where one of the defendants resides at the commencement of the action.

Section 6533 provides that the court may, on motion, change the place of trial when the county designated in the complaint is not the proper county. The right to a change upon this ground when the facts are clear is a substantial right, and when properly demanded it is reversible error to deny it. *Veeder* v. *Baker,* 83 N. Y. 163; *State* v. *Sup. Ct.,* 97 Wash. 358, 166 Pac. 630, L. R. A. 1917F, 905; *People* v. *Dist. Ct.,* 66 Colo. 330, 182 Pac. 7; *State* v. *Dist. Ct.,* 189 Iowa, 1167, 179 N. W. 442; *State* v. *Park,* 174 Wis. 452, 183 N. W. 165; *Brown* v. *Cogdell,* 136 N. C. 32,

48 S. E. 515.  In this case Salt Lake county was not the proper county for the trial of the action, and a proper motion and demand for a change having been made by defendant the court erred in denying it.  For this error the judgment must be reversed.

Other errors on the trial are assigned, but, as the action must be tried in another county, and before a different court, we deem it unnecessary to consider them.

The judgment is reversed, and the cause remanded, with instructions to change the place of trial to the district court of Weber county, and a new trial had.  Appellant to have its costs, except for printing 18 pages of its brief, containing an unnecessary repetition of its assignment of errors.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.