## HALE et al. v. BARKER, District Judge.

No. 4600.   Decided September 8, 1927.   (259 P. 928.)

*Woolley & Holther,* of Ogden, for plaintiffs.

*Irivne, Skeen & Thurman,* of Salt Lake City, for defendant.

GIDEON, J.

This is an original proceeding in this court. Plaintiffs seek a writ prohibiting the district court of Weber county from entering and carrying into effect an order transferring to Salt Lake county for trial a certain action pending in that court in which Rachel M. Hale and Lea Miles, copartners, are plaintiffs, and Central Trust Company, a corporation, A. E. L. Scanlon, and Sidney G. Saville are defendants.

The case is known as case No. 10357.

Petitioners here, who are plaintiffs in the action in the district court, are residents of Weber county. The gravamen of the action in the district court is the allegation that defendants closed up plaintiffs' place of business in Ogden City, Weber county, and wrongfully converted to their own use plaintiffs' furniture, fixtures, and a stock of millinery. Defendants in the action appeared severally, demurred to the complaint, made affidavit that they are residents of Salt Lake county, and upon that ground only sought to have the action removed to Salt Lake county for trial. Plaintiffs resisted the motion, contending that the court had no right or jurisdiction to order the removal of the case. A hearing was had. The matter was taken under advisement, and thereafter the district court of Weber county announced orally from the bench that the motion to remove was granted, but did not sign or enter any written order transferring the cause. At that state of the proceedings plaintiffs made application to this court for a writ prohibiting the cause from being transferred as aforesaid.

Upon the filing of the petition here, an order was issued requiring the judge of the district court of Weber county to show cause why the alternative writ issued upon the filing of the petition should not be made permanent. The order also restrained the said court from transferring the action during the pendency of this proceeding or until the further order of this court.

Defendant appeared and demurred to the petition on the ground that the same does not state facts sufficient to entitle plaintiffs to any relief, and likewise filed a motion to quash the alternative writ. Oral arguments were made and written briefs filed by counsel for the respective parties.

Two questions are presented: (a) Did the district court of Weber county, in ruling that it would grant the motion for a change of venue, exceed its authority and jurisdiction? (b) Have the plaintiffs the right, under the facts shown, to the relief sought by way of prohibition? We shall first consider the question as to the right of the court to make an order transferring the case from Weber county to Salt Lake county. This necessarily requires a consideration of the statute relating to the place of trial of actions. The sections particularly involved are Comp. Laws Utah 1917, §§ 6528, 6531, 6532, 6533.

In section 6532 it is provided that, if an action is not commenced in the proper county for trial, the action may be tried therein unless timely demand is made at the time of filing an answer or demurrer, and upon the filing of an affidavit of merit and demand in writing that the action be tried in the proper county.

Section 6533 provides that the court may, on motion, change the place of trial in the following cases:

"1. When the county designated in the complaint is not the proper county; 2. when there is a reason to believe that an impartial trial cannot be had therein; 3. when the convenience of witnesses and the ends of justice would be promoted by a change; 4. when from any cause the judge is disqualified from acting; * * * 5. when all of the

parties to an action, by stipulation, or by consent in open court, entered in the minutes, may agree that the place of trial may be changed to any county in the state."

That section enumerates the grounds that will authorize a district court to transfer a cause for trial from one county to another. If the defendants in the district court were entitled to have their motion granted, it could be only by reason of the first ground designated; namely, that the case is not brought in the proper county. No attempt was made to show that there was prejudice on the part of the court in Weber county, or that an impartial trial could not be held there, or that the convenience of witnesses or the ends of justice would be promoted by a change, but defendants base their claim solely on the ground that they are residents of Salt Lake county.

As stated, the action is one for an alleged wrongful conversion of property by defendants in Weber county. The cause of action therefore arose in Weber county.

Section 6528, being one of the sections of the chapter entitled "Place of Trial," provides:

"When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides."

The subtitle to section 6531 is "In All Other Cases." That section, so far as material here, is as follows:

"In all other cases the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action."

Apparently the district judge was of opinion—and that is the contention of counsel representing the court—that under the wording of section 6531 the defendants, by complying with the provisions of section 6532, were of right entitled to have the cause transferred for trial to the county

in which they reside. On the other hand, it is the contention of plaintiffs that, by reason of the fact that the cause of action arose in Weber county, they are by right entitled to have the action tried in that county.

This court has recently had occasion to discuss and determine the rights of a defendant in an action upon contract not in writing to have the cause tried in the county in which he resides. *Buckle* v. *Ogden Furniture & Carpet Co.*, 61 Utah 559, 216 P. 684. In that action the plaintiff resided in Salt Lake county, and the defendant in Weber county. The action was instituted in Salt Lake county upon an alleged oral contract on the part of defendant to pay plaintiff an amount specified at Salt Lake City for goods sold and delivered. At the time of filing its answer the defendant in that action filed a motion and demand that the place of trial be changed to Weber county. The motion was denied. The grounds alleged in the motion were that the defendant was a resident of Weber county, and that it had not contracted in writing to perform any obligation in Salt Lake county, and that the alleged cause of action, if any, did not arise in Salt Lake county. In that case this court held that a defendant liable under a contract not in writing has the legal right to demand and to have the cause of action tried in the county in which he resides. In the course of the opinion it is said:

"Section 6531 provides that 'in all other cases' (that is, in all cases not otherwise provided for in the statute) the action may be tried in the county where the cause of action arises or where the defendant resides. The words 'where the cause of action arises' are referable to cases not on contracts, because the venue in actions on contracts, in respect of where they arise, is disposed of by section 6528, as above interpreted."

The proceeding in the district court under review is not one upon or growing out of contract either oral or written. The place of trial is therefore not controlled by section 5628, as was the Buckle Case, supra. The place of trial must be determined by other sections of the Code.

It would seem to be the plain intent of section 6531, supra, that, under the facts alleged in the complaint in the case in question here, the district court of Weber county or the district court of Salt Lake county has jurisdiction to try the issues and render judgment binding upon the parties. The language just quoted from the opinion in the Buckle Case indicates that such was the view of the court at the time of rendering that opinion. In our judgment, had plaintiffs elected to institute the action in Salt Lake county, the district court of that county would have had jurisdiction to hear and determine the controversy. The language of the section quoted, if taken in its ordinary meaning, clearly indicates the intent of the Legislature was to give to the court of the county wherein the cause of action arises and the county in which the defendant resides, or either of them, jurisdiction to try the action under facts such as are alleged in the complaint here in question. In the very nature of things, a plaintiff, being the first to move, must determine in which of two counties he will file his suit. This right being given him by statute, it seems to us it must inevitably follow that the action in question here was instituted in the proper county, and that it was the official duty of the district court of Weber county to retain jurisdiction unless the transfer of the cause for trial to another county was granted upon a showing of the other, or some of the other, grounds enumerated in section 6533. In other words, it is our view that a plaintiff has the election of the county in which a cause of action such as is alleged in plaintiffs' complaint shall be instituted and tried, and the defendant has no right to ask for a change of place of trial upon the ground only that the action is not brought within the proper county.

If it be contended that the language of section 6531 leaves any doubt as to the legislative intent and resort is had to the cases, the opinions of the courts support the conclusion that the right of election under statutes similar to section 6531 rests with the plaintiff. No case has been called to

our attention in which a court, in construing a similar statute, has reached a different conclusion.

In *Bright* v. *Hammond,* 105 Ky. 761, 49 S. W. 773, the Court of Appeals of Kentucky had under consideration sections 74 and 78 of the Code of that state. Section 74, as quoted in the opinion, reads:

"Every other action for an injury to the person of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this state, must be brought in the county in which the defendant resides, or in which the injury is done."

Section 78, as quoted in the opinion, is:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

In the course of the opinion, after copying these provisions of the Code, the court says:

"We are, however, of opinion that section 74, supra, was intended for the mutual protection and benefit of the plaintiff and defendant, where the defendant was a resident of the state, and that the true meaning of the section is that a resident of the state shall only be sued in the county of his residence, or in the county in which the injury was done, and that the plaintiff may elect in which of the two counties he will institute his suit, * * *."

The Supreme Court of Florida, in *Santa Rosa County* v. *Trobuck,* 77 Fla. 91, 80 So. at page 750, says:

"Since the passage of the act of 1829 (section 1383, General Statutes 1906), this court has consistently held that a natural person has the right or privilege of being sued in the county of his residence or in the county where the cause of action accrued. Not that he may elect in which of the two counties he shall be sued, but that his privilege was secured if the action was brought in either and service obtained upon him of process."

See, also, *Wood* v. *Downing's Adm'r,* 110 Ky. 656, 62 S. W. 487; *Danser* v. *Dorr,* 72 W. Va. 430, 78 S. E. 367; *Campbell* v. *Wylie* (Tex. Civ. App.) 212 S. W. 980; *Baldwin* v. *Munger,* 200 Iowa 32, 204 N. W. 417.

District courts of this state have only such authority to transfer for trial causes of action from one county to another as is granted by the Code. Section 6533, supra, undertakes to enumerate the grounds which authorize district courts to order a transfer of a cause for trial from one county to another. One of the grounds so enumerated is that the action is not brought in the proper county, and that is the ground relied upon in the action before the district court in the instant case.

We have attempted to show that either the district court of Weber county or the district court of Salt Lake county had jurisdiction to try the cause of action alleged in plaintiffs' complaint, and that plaintiffs had the right of election as to the county in which they would institute their action. Having made such election by filing the complaint and causing summons to be issued, the district court of Weber county should have denied the motion to transfer the cause to Salt Lake county.

Coming now to the remedy. The prayer of the petition is for a writ prohibiting the defendant court from transferring the cause for trial, or changing the place of trial, from Weber to Salt Lake county and for "all proper relief as this court shall determine these plaintiffs may be entitled to receive. It is earnestly contended that plaintiffs are not entitled to the writ of prohibition. It is claimed there is a plain, speedy, and adequate remedy in the ordinary course of law. The district court, by ruling that it would grant the motion, in effect declined to proceed to hear and determine the cause and therefore refused to perform an act enjoined upon it as part of its official duty. That is to say, the plaintiffs, as we have held, having the

right to institute the action in Weber county, it must, in our judgment, necessarily follow that it was the duty of the court, as a public officer, to hear and determine the controversy between the parties and render judgment. Comp. Laws Utah 1917, § 7390, provides that a writ of mandamus may be denominated a writ of mandate, and section 7391 provides that a writ of mandate "may be issued by the Supreme Court * * * to any inferior tribunal * * * to compel the performance of an act which the law specially enjoins as a duty resulting from an office. * * *" It is the opinion of a majority of this court that a writ of mandate is the remedy plaintiffs are entitled to, and not a writ of prohibition. The facts which entitle plaintiffs to any writ, whatever it may be named, are found in the petition and affidavit filed herein. Such facts are admitted by the demurrer. All the parties are before this court. Further, it is desirable that the question presented be determined not only for the guidance of the district court of Weber county in the case pending before it, but for the guidance of other courts in other and similar cases which are frequently coming before the trial courts in different parts of the state. We have therefore concluded to dispose of this proceeding as though the petition on which it is based were an application for a writ of mandate. We are of the opinion that the facts stated in the petition entitle plaintiffs to a writ of mandate, and also that the prayer is sufficiently comprehensive to authorize the issuance of such a writ. If not, then in the circumstances a writ of mandate should issue in lieu of a writ of prohibition on the theory that "a rose by any other name would smell as sweet."

Comp. Laws Utah 1917, § 7392, provides that the writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." It also provides that "it must be issued upon affidavit, on the application of the party beneficially interested." Having determined that the district court of Weber county, by ruling that it would grant the

order removing the case to Salt Lake county for trial, thereby refused to perform a duty imposed upon it by law, it remains to be determined whether the plaintiffs have a plain, speedy, and adequate remedy in the ordinary course of law.

The only way open to plaintiffs to have the order transferring the case to Salt Lake county for trial reviewing by this court in the ordinary course of law is by an appeal after trial in Salt Lake county. There is no appeal in this jurisdiction from an order granting or refusing a change of venue.

The action in the district court of Weber county is in its initial state. A complaint has been filed and a demurrer interposed. If the plaintiffs have the legal right to have the case put at issue and tried in the district court of Weber county, have they a plain, speedy, and adequate remedy for the enforcement of such right by having the case first transferred to Salt Lake county, the issues made up there, a trial had, and an appeal from that court based upon the error of the district court of Weber county in transferring the case from that county? We think not.

Whenever facts are made to appear warranting an order granting a change of venue, district courts doubtless have the power to make such order. But, as we have attempted to point out, they have no right to order a change upon the ground on which the district court of Weber county acted in the instant case under the facts alleged. Opinions of courts in determining what is and what is not a plain, speedy, and adequate remedy in the ordinary course of law cannot be reconciled. Different courts, upon the same or similar facts, have arrived at different and contrary results. The question where a trial shall be had affects the rights of plaintiffs, and they, under the peculiar facts now being reviewed, have the right to decide in which of two counties the action shall be tried. It is the enjoined duty of the

defendant court to grant them that right. If it be the right of the plaintiffs to have the action tried in Weber county and the duty of the trial court to entertain jurisdiction and try the cause there, how can it be said that the parties have a plain, speedy, and adequate remedy when compelled to go to a different forum, produce their witnesses, have a formal trial, and, if dissatisfied with the judgment, appeal to this court and have the judgment reversed and the case sent back to the county in which the suit was instituted to be tried de novo there? However adequate that remedy, it cannot be said to be speedy.

We are satisfied that the district court of Weber county, in its ruling that it would send the case to Salt Lake county for trial, and in legal effect thereby refusing to go forward and try the case, has declined to perform a duty enjoined upon it by law, and which duty results from the office of district judge. A writ of mandate should therefore issue directing the defendant court to reinstate the case on its docket and proceed with it to a conclusion. Such is the order. No cost will be taxed against either party.

THURMAN, C. J., and STRAUP and HANSEN, JJ., concur.

CHERRY, J. (dissenting). I agree that the court erroneously granted the change of venue, but I think no question of jurisdiction was involved. *State* v. *Morgan*, 44 Utah 224, 140 P. 218, Ann. Cas. 1916D, 1279. Mandamus does not lie to correct such an error. *State* v. *Smith*, 23 Mont. 329, 58 P. 867, and cases cited; *State* v. *District Court*, 53 Mont. 358, 163 P. 1149. If before final judgment resort may be had to extraordinary remedies for the correction of mere judicial errors not involving jurisdiction, the essence and evils of the interlocutory appeal are preserved notwithstanding constitutional and statutory provisions against it. I think the writ should be denied.