Michael W. Park of Park & Braithwaite, Cedar City, for defendant-appellant.

Dean L. Gray of Gustin, Adams, Kasting & Liapis, Salt Lake City, for plaintiffs-respondents.

HALL, Justice:

Defendant appeals from the trial court's denial of his motion for a change of venue.

On November 3, 1978, plaintiff filed a complaint in Salt Lake County against defendant, a resident of Iron County, alleging $6,485.84 due and owing on an open account. Plaintiff also filed an affidavit setting forth alleged business dealings between the parties. From that affidavit, it would appear that for approximately eight years, defendant has ordered and purchased

OLYMPIA SALES COMPANY, a Utah Corporation, Plaintiffs and Respondents,

v.

John LONG and John Long dba John's Kitchen Korner, Defendant and Appellant.

No. 16216.

Supreme Court of Utah.

Dec. 11, 1979.

---

kitchen cabinets and other related products from plaintiff's place of business in Salt Lake County. It is alleged that on July 19, 1976, defendant refused and failed to pay what was then due and owing the plaintiff and subsequently the complaint under consideration was filed. Defendant filed a motion for change of venue and a memorandum in support thereof, although he failed to appear at the hearing on the motion. After hearing plaintiff's argument, the district court denied defendant's motion. Defendant filed a petition for interlocutory appeal which petition was granted.

■ At the outset, it is important to note that the granting or denial of a motion for change of venue by the trial court is generally discretionary and the court's decision will not be altered unless it is shown by the challenging party to be arbitrary or capricious.[1]

Without attempting to construe the court's ruling as being an abuse of discretion, defendant contends that he is entitled to have his case tried in the county of his residence (Iron County) as a matter of right. In so arguing, defendant relies upon U.C.A., 1953, 78–13–7 which provides in pertinent part as follows:

> In all other cases the action must be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action.

Another statute which must necessarily be considered is U.C.A., 1953, 78–13–4 which reads as follows:

> When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides.

This Court has interpreted predecessors of the above statutes on numerous occasions.[2] Defendant relies upon two of these cases in support of his position. He argues that this is an action on a contract not in writing which must be tried in the county of his residence.[3] In any event, he claims that there are no written documents naming the place of performance which, even under written contracts, gives him the right to have the case tried in the county of residence.[4]

The case of *Buckle v. Ogden Furniture & Carpet Co.*[5] is dispositive of the issue presented. In that case, defendant resided in Weber County and was sued in Salt Lake County for goods allegedly sold and delivered on an oral contract.[6] The motion for change of venue was denied by the trial court. In an unanimous decision, this Court reversed the trial court's ruling and remanded the case for trial in Weber County. Although it conceded that the cause of action in that case arose in Salt Lake County, the Court interpreted the predecessors of the above-cited statutes as follows:

> . . . If section 6531 [now U.C.A., 1953, 78–13–7] is not modified by section 6528, [now U.C.A. 1953, 78–13–4] the former section in actions on contracts clearly authorizes the venue in the county where the cause of action arises whether the contract is written or oral. Section 6528, reduced to narrow legal terms, is that actions on written contracts to be performed at a particular place may be tried

---

1. *Anderson v. Johnson*, 1 Utah 2d 400, 268 P.2d 427 (1954), citing *State v. Certain Intoxicating Liquors*, 53 Utah 171, 177 P. 235 (1918).

2. See 97 A.L.R.2d Anno: Venue—Contract Designating § 12.

3. *Buckle v. Ogden Furniture and Carpet Company*, 61 Utah 559, 216 P. 684 (1923).

4. *Floor v. Mitchell*, 86 Utah 203, 41 P.2d 281 (1935). Note, however, that the place of performance in a written contract may either be named expressly or by necessary implication. *Atlas Acceptance Corporation v. Pratt*, 85 Utah 352, 39 P.2d 710 (1935).

5. Supra, footnote 3.

6. As in *Buckle*, in the instant case there was no claim that defendant had contracted *in writing* to perform the obligation in Salt Lake County and both parties concede that it was an oral contract.

where the cause of action arises, or where the defendant resides. If it was intended to mean no more, then it is a vain and useless statute, and contains nothing not within the general provisions of section 6531.

But it is not to be presumed that the Legislature would enact a vain and meaningless statute. We conceive it to be our duty, if possible, to adopt that interpretation which will give effect to each provision and harmonize them with each other, so that neither will be meaningless.

\* \* \* \* \* \*

By giving a sensible and effective meaning to all the provisions of the statute, and considering them together, the only rational conclusion is that the Legislature intended to establish the general right of persons sued to have the action tried in the county where one of them resides, and that the actions which may be tried elsewhere are limited and restricted to those which the statute itself excepts from the general rule.

Section 6528 relates to actions upon contracts only, and, if it means anything at all, it means that, when a defendant has contracted in writing to perform an obligation in a particular county, and resides in another county, the action may be tried in the former county, and by plain implication, and the maxim *"Expressio unius est exclusio alterius,"* it means that actions on contracts not in writing are excluded, and are not authorized to be tried out of the county where the defendant resides.

Section 6531 provides that "in all other cases" (that is, in all cases not otherwise provided for in the statute) the action may be tried in the county where the cause of action· arises or where the defendant resides. The words "where the cause of action arises" are referable to cases not on contracts, because the venue in actions on contracts, in respect of where they arise, is disposed of by section 6528, as above interpreted.

It is therefore the conclusion of this court that actions upon contracts not in writing, upon proper and timely demand being made, must be tried in the county where one of the defendants resides at the commencement of the action.

 This Court having already ruled upon the precise question presented, the trial court's decision denying the motion for change of venue is reversed, with instructions to change the place of trial to Iron County. Costs to defendant.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.