**WALKER BANK & TRUST COMPANY, a Utah banking corporation, Plaintiff and Appellant,**

v.

**Larry D. WALKER, and Joan H. Walker, Defendants and Respondents.**

**No. 17101.**

Supreme Court of Utah.

May 20, 1981.

Suzanne West Murphy, Salt Lake City, for plaintiff and appellant.

Dennis R. Mathews, Logan, for defendants and respondents.

HALL, Justice:

Plaintiff brought this action to recover the sums owing and delinquent on defendants' charge accounts. The District Court of Salt Lake County granted defendants' motion for a change of venue to Cache County and plaintiff appeals.

Defendants are residents of Cache County where they contracted in writing with plaintiff for the use of Walker Bank & Trust Visa and Master Charge cards. Pursuant to the terms of the contract, defendants' contract performance (payment) was due at the plaintiff's main office in Salt Lake City. Monthly billings were forwarded from that office and defendants re-

---

**10.** *Hopt v. People*, 104 U.S. 631, 26 L.Ed. 873 (1881).

turned their payments in self-addressed envelopes provided by plaintiff.

 Notwithstanding the general right it is to have an action tried in the county where the defendants or one of them resides, actions may be tried elsewhere when so provided by statute.[1]

 The issue presented by this appeal is the subject of a specific statutory enactment which is dispositive. U.C.A., 1953, 78–13–4 provides as follows:

> When the defendant has contracted in writing to perform an obligation in a particular county of the state and resides in another county, an action on such contract obligation may be commenced and tried in the county where such obligation is to be performed or in which the defendant resides.

It is thus to be seen that plaintiff in this case had the option of suing defendants either in Salt Lake County where contract performance was due, or in Cache County where defendants reside. Having chosen the former, it did not lie within the prerogative of the trial court to compel the action to be tried in Cache County.[2]

Reversed and remanded for trial in Salt Lake County. Costs to plaintiff.

MAUGHAN, C. J., and STEWART, HOWE and OAKS, JJ., concur.

---

1. *Buckle v. Ogden Furniture & Carpet Co.*, 61 Utah 559, 216 P. 684 (1923).

2. That the granting or denial of a motion is generally discretionary in the absence of a statutory provision to the contrary, see *Olympia Sales Co. v. Long*, Utah, 604 P.2d 919 (1979).