Elda ANGELL, Plaintiff,

v.

The SIXTH JUDICIAL DISTRICT COURT OF SEVIER COUNTY, State of Utah, Defendant.

No. 18651.

Supreme Court of Utah.

Oct. 4, 1982.

Andrea Alcabes, Salt Lake City, for plaintiff.

W. Andrew McCullough, Orem, David L. Mower, Rulon Don Brown, Richfield, for defendant.

PER CURIAM:

Plaintiff seeks an extraordinary writ in the nature of Mandamus, compelling the District Court of Sevier County to change venue of an action in which she is named as defendant, to the County of Washington where she resides. In the alternative, she seeks prohibition to arrest the proceedings in Sevier County.

Plaintiff was granted custody of the seven children of herself and her former husband, Robert Angell, by a divorce decree issued by the District Court of Clark County, in Las Vegas, Nevada, on April 24, 1980. Since that time plaintiff moved, with the seven children, to St. George, Utah, in Washington County. Robert Angell now resides in Elsinore, Utah, Sevier County. In May of 1982, plaintiff allowed four of the children, ages 8, 10, 11 and 12, to visit their father in Elsinore. In June, rather than return the children to their mother, Robert Angell filed an original action in the District Court of Sevier County for change

of custody and termination of the child support payments with respect to these four children as ordered under the Nevada decree.

Plaintiff promptly moved for change of venue to the county of her residence under § 78–13–7.[1] Her motion was denied. The Sevier County District Court set the matter for trial and granted temporary custody to the father.

Section 78–13–7 provides:

In all other cases the action *must* be tried in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action; ... [Emphasis added.]

Defendant Court has not responded to the petition, but Robert Angell, as the real party in interest, did so and he will be referred to herein as "Angell". Angell contends that the granting or denying of a motion to change venue is discretionary with the District Court, and that mandamus does not lie to compel the exercise of discretion in some manner other than that in which it has been exercised.

■ While generally a change of venue, or the denial of a motion therefor, is within the discretion of the District Court, we have held that the Court has no such discretion where the original forum is improper and a motion is brought under § 78–13–9 to change venue to a proper county.[2] Angell has pointed to no venue statute other than § 78–13–7, which provides proper venue in a county other than the county in which the defendant resides or the cause of action arises, both of which are Washington County in this case.

■ Angell suggests that the county of residence of either the plaintiff or defendant is proper under § 30–3–1 which provides the jurisdictional requirements in actions for divorce. But this is not an action in divorce, nor is it an action to modify a

---

1. All statutory references are to Utah Code Ann., 1953 as amended, unless otherwise indicated.

2. *Olympia Sales Company v. Long,* Utah, 604 P.2d 919 (1979); *Buckle v. Ogden Furniture & Carpet Co.,* 61 Utah 559, 216 P. 684 (1923).

divorce decree issued by a court of this State, which would properly be brought in the forum which issued the decree. This action is brought to modify a foreign decree, and is an original action in this State.

Angell further suggests that the County of Sevier is a proper county because the children are present in that county. We find no statute which so provides. Moreover, the children are present in Sevier County only because the father refused to return them to their mother, in violation of the Nevada decree. See *Tuttle v. Henderson,* Utah, 628 P.2d 1275 (1981). Section 78–45c–8(2) of the Utah Uniform Child Custody Jurisdiction Act provides:

> Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. . . .

The law does not condone the actions taken by the father in this case, and it was error for the Sevier County Court to reward his wrongful behavior by refusing to change the venue upon the lawful custodian's motion.

In the case of *Buckle v. Ogden Furniture and Carpet Co.,* 61 Utah 559, 216 P. 684 (1923) this Court held that where the county designated in the complaint is not a proper county, the Court must grant a change of venue on a timely motion:

> Section 6533 [Now § 78–13–9] provides that the court may, on motion, change the place of trial when the county designated in the complaint is not the proper county. The right to a change upon this ground when the facts are clear is a substantial right, and when properly demanded it is reversible error to deny it. [Citations omitted.]

■ Under Rule 65B(b)(3) U.R.Civ.P., plaintiff here is entitled to extraordinary relief where there is no other adequate and speedy remedy available at law. The reme-

dy at law would be appeal from the Court's order denying the motion for change of venue which may be brought only after final judgment. This Court has previously held that such a remedy is neither adequate nor speedy, and that mandamus will lie to compel the Court to change the place of trial where it is clearly shown that the movant has a right to a change of venue, and the District Court has no sound legal discretion to refuse such a change. *Hale v. Barker,* 70 Utah 284, 259 P. 928 (1927); *Pace v. Wolfe,* 76 Utah 368, 289 P. 1102 (1930).

The petition is granted. The Sixth District Court for Sevier County is ordered to transfer its Case No. 8915 to the District Court for Washington County for trial.

Costs to plaintiff and against Robert Angell.