# BAKER v. GLENWOOD MIN. CO.

No. 5044. Decided May 8, 1933. (21 P. [2d] 889)

N. W. *Sonnedecker,* of Salt Lake City, for appellant.

*Claude F. Baker,* of Eureka, for respondent.

FOLLAND, Justice.

This is an action to recover on two promissory notes of defendant, one payable to K. D. Schenck at Clearwater, Fla., and the other to E. P. Mower at Salt Lake City, Utah, and assigned by such payees to plaintiff, after maturity. The acion was commenced in the district court of Juab county. The complaint contains two causes of action, one on each

note, in which it is alleged that each note was made, executed, and delivered by defendant to the respective payees for a valuable consideration, on January 1, 1924, payable one year after date, that no part of the note had been paid, and that plaintiff is now the owner and holder of each note respectively. The note to K. D. Schenck was for $935.14 and to E. P. Mower for $169.56. Defendant answered denying generally each and every allegation of the complaint, specifically denying the making of the notes, and alleging that defendant had authorized neither the president nor the secretary of the defendant company to make, execute, or deliver such notes or any of similar import. At the time of filing its answer, defendant also filed an affidavit alleging its principal and only place of business to be in Salt Lake county and demanding that the cause be transferred to that county for trial. The court denied the request for transfer of the cause, and after trial made findings of fact and conclusions of law in favor of plaintiff and entered judgment for the amount of the notes with interest. From the judgment plaintiff appeals.

Error is assigned that the court erred in refusing the demand of defendant for change of the place of trial from Juab county to Salt Lake county. The action of the trial court in refusing to order the cause to be transferred ■ to Salt Lake county for trial must be sustained because of failure of the defendant to file any affidavit of merits as required by Comp. Laws Utah 1917, § 6532. That section provides:

"If the county in which the action is commenced is not the proper county for the the trial thereof, the action may, notwithstanding, be tried therein unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county."

The affidavit of merits, required by the statute, has been described in the case of *State* v. *District Court,* 43 Mont. 571, 118 P. 268, 270, Ann. Cas. 1912C, 343, as follows: "But the affidavit required on demand for a change in the place

of trial is especially referred to in the statute as an 'affidavit of merits.' At the time of the adoption of the Code and for many years prior thereto the term 'affidavit of merits' had a well-defined meaning. 'On a motion to change the venue defendant must swear to a meritorious defense, as he is advised by his counsel.' 1 Ency. Pl. & Pr. 375. 'The form of the affidavit of merits usually required to be made by a defendant, and which should generally be followed, is "that defendant has fully and fairly stated the case to his counsel, and that he has a good and substantial defense upon the merits in the action, as he is advised by his counsel and verily believes." Every part of this form is material, and any departure from it should be avoided.' 2 Am. & Eng. Ency. of Law & Pr. 722. We think the affidavit of merits required by section 6505, Revised Codes, is the formal affidavit referred to, and the form of which is given in the authorities just quoted." See, also, 25 Cal. Jur. 900-902; *Westover* v. *Bridgeford,* 25 Cal. App. 548, 144 P. 313.

An affidavit of merits is something other and different from an answer or affidavit demanding change of place of trial. The statute requires an affidavit of merits in addition to the answer and the demand. The answer filed was a denial of the allegations of the complaint, and the affidavit merely set forth the fact that defendant corporation had its principal and only office in Salt Lake county. In neither of these pleadings was anything alleged such as is required in the affidavit of merits.

Appellant contends it had "an absolute right, upon timely demand therefor," to have the cause transferred to the district court of Salt Lake county for trial. In support of its contention it cites and relies on the case of *Pace* v. *Wolfe, District Judge,* 76 Utah 368, 289 P. 1102. In that case the opinion discloses that all statutory requirements were met. The defendants filed separate demurrers and "at the same time each served upon the plaintiff and filed a written motion and demand for a change of the place of trial of the action to Wayne County, together with an affidavit of

merits and proof that the defendants did not reside in Salt Lake County," etc.

If it be conceded that the action was commenced in the wrong county, yet defendant cannot now complain of the refusal of the court to order a change in the place of trial for the reason it did not comply with the requirement of the statute by filing an affidavit of merits. *Emerson-Brantingham Implement Co.* v. *Giles*, 53 Utah 539, 174 P. 181.

The second, third, and fourth assignments of error relate to the receiving of evidence by the court. Respondent urges that these assignments may not be considered because of failure of appellant to comply with the rules of this court, particularly rule No. 26, requiring a reference in the printed abstract "to the pages in the transcript and abstract where the rulings and exceptions thereto appear." The assignments are deficient in this respect. Ordinarily we would be justified in refusing to consider the errors assigned when the rules are not complied with; but since the record before us is short and not complicated, we are inclined to disregard the deficiencies in the assignments and proceed to the merits. Attorneys will do well to bear in mind that a compliance with the rules is necessary to a proper presentation of cases, and will aid materially in the saving of the time of the members of the court in writing opinions, and promote the expedition of the business of this court.

The second assignment of error is that the court erred in refusing to exclude and refusing to strike out evidence showing, or tending to show, that money was had and received by defendant from K. D. Schenck and E. P. Mower. The notes were in such form as to import consideration. Plaintiff, however, alleged they were given for a valuable consideration, and this allegation was denied by the answer. In the course of the trial counsel for defendant made certain admissions tending to restrict the issues and stated that the only issue was whether or not the defendant corporation made, executed, and delivered the notes sued

upon. His attention was called to the allegation and denial of consideration, but he made no admission with respect thereto. The evidence was relevant and material as tending to prove a consideration for the notes. For other reasons the evidence was properly received. The notes were payable to Mower, who was president and a director, and to Schenck, who was a director, of the corporation. This fact was unimportant, except that it imposed the necessity for closer scrutiny and required a showing that the notes were given for a valid consideration, that the proceeds were used for the benefit and in the interest of the corporation, and that the dealings were fair and in good faith. 3 Fletcher's Cyc. Corpns. (Perm. Ed.) 331. The evidence is relevant as also tending to show that the corporation ought not now be heard to defend on the theory of no authorization of the notes where it received value therefor which it kept and applied to corporate necessities.

The third assignment refers to the refusal of the court to exclude parol testimony to the effect that the indebtedness of the defendant to payees of the notes was shown on the books of account in the identical amounts for which the notes were given. Plaintiff served notice and demand on the defendant, its attorney and secretary-treasurer, to produce the books, records, and documents of the corporation; but none of these were produced except only the minute book containing minutes of meetings of the stockholders and directors. Under these circumstances, secondary evidence is clearly admissible as to any relevant and material fact. Appellant contends the rule does not apply because the testimony was taken by deposition in Florida before notice to produce the books was given, and the books were not demanded for use on the examination of the witness in Florida. There is no merit to this contention. The demand had been timely made before trial and the secondary evidence was competent to be received at the trial where the books were not produced in response to demand. The test of competency is of the time when the evidence

was offered. If the books had been produced in court, then the testimony contained in the deposition as to the contents of such books would have been inadmissible. Not anything is shown in the record to require or justify a production of the books at the taking of the deposition in Florida. Objections to the competency of a witness, or the propriety of any question put to him, or the admissibility of any testimony given by him, may be made at the time the deposition is produced at the trial. Comp. Laws Utah 1917, § 7176.

Another assignment is that the court erred in admitting in evidence certain letters written by Geo. F. Wasson to E. P. Mower, produced by Mower and attached to his deposition. Mr. Wasson was an attorney at law practicing in Salt Lake City and at the time the letters were written was a director of defendant corporation and attorney for Nicholas Schmittroth, also a director and owner of a majority of the shares of stock in the defendant mining company. The gist of the objection was that no statements by Wasson could bind the company or tend to show authority for the execution of the notes in question; that he was not attorney for the corporation and not authorized to speak for it. The court excluded all testimony tending to prove whether or not Wasson was attorney for the corporation. The letters were admissible as tending to show knowledge on the part of some of the directors of the company of the execution of the notes in question and a recognition of their validity by such directors.

The court made findings of fact as to each cause of action to the effect that the defendant on January 1, 1924, for a valuable consideration, made, executed, and delivered each of the notes sued upon and set out in full therein. Error is assigned that these findings are not supported by any substantial evidence that defendant authorized any one to execute and deliver such notes, and that each of the notes bears a forged signature of the secretary of the company and are therefore void. This assignment does not strictly comply with the requirements of the rules of this court, in

that it does not point out wherein the evidence is insufficient. On the question of a forged signature, defendant produced testimony tending to prove that the signature of the notes of M. L. Grovenor was not that of the secretary. On the other hand, there was evidence which, if believed by the court, as it was, fully established that the notes were signed, executed, and delivered by the secretary. Since there was substantial evidence to sustain the finding of the court on this issue, we treat the notes as having been executed by the president and secretary. The notes on their face disclose that they were signed by the Glenwood Mining Company by E. P. Mower, president, and M. L. Governor, secretary, with the corporate seal attached.

The record of the minutes of meetings of the board of directors fails to show an express authorization by resolution or otherwise by the board of directors for the execution of the notes or any ratification thereof, and to this extent furnishes ground for this assignment of error.

The rule with respect to loans made by officers of a corporation to the corporation, and of the execution of negotiable paper thereon by an officer without express authority from the board of directors, is that such contracts are not void but may be voidable at the option ■ of the corporation, and in proper cases by a stockholder or other person having rights or interests adversely affected thereby. This rule was adopted to secure justice and not to work an injustice, and where the contract is free from actual fraud it cannot be avoided without restoration of the money paid or value received by the corporation. *Bossert* v. *Geis,* 57 Ind. App. 384, 107 N. E. 95; *Niles* v. *U. S. Ozocerite Co.,* 38 Utah 367, 113 P. 1038.

This court is committed to the doctrine that where a corporation has received the benefits of a contract, and while it still retains the fruits thereof, it will be estopped from urging as a defense that the contract was ultra vires the corporation or that the corporate officers were ■ without authority with respect thereto. *Millard*

*County School Dist.* v. *State Bank* (Utah) 14 P. (2d) 967; *Huntington R. M. & Mfg. Co.* v. *Miller,* 60 Utah 236, 208 P. 531.

The minutes of the directors' meetings disclose that E. P. Mower was elected president of the corporation March 2, 1914, and was at the same time elected general manager thereof. Each year thereafter and after the notes were executed, he was re-elected to both positions. ▮ Each year he made a financial report to the stockholders, which reports were approved. The minutes do not contain a copy of the reports, but merely the general statement that the report was made and approved, and sometimes shows the total receipts, total disbursements, and the balance of cash on hand, if any. Mr. Mower testified that by authority of the directors he was intrusted with the entire management of corporate affairs including the power to borrow money, and that from time to time, as needed, he did borrow money. That formerly he had borrowed from a bank, but when he could not secure funds from any bank he had to procure funds from where he could obtain them. That he advanced money from his own funds and borrowed from K. D. Schenck. That these transactions were shown by the books of account of the company, the ledger and journal, and that the notes were made for the identical amounts owing to himself and K. D. Schenck; that the money was borrowed for and used by the corporation to pay taxes and other obligations. Mrs. Schenck testified that the directors knew of the loans made by her and promised to repay the amounts owing. Notwithstanding demand was made for the books of account, they were not produced by the defendant, nor were the financial reports which had from time to time been submitted. No contention was made by defendant at the trial that the money was not borrowed by or used for the benefit of the corporation, nor was any evidence adduced showing, or tending to show, such fact. The Wasson letters indicate that the execution and validity of the notes were known to and acknowledged by some of the

directors, that is, Mr. Wasson himself and Mr. Schmittroth, whom he represented as attorney in connection with his interest in the company. In view of the facts disclosed in the minutes and the letters of Mr. Wasson, the testimony of Mr. Mower is entitled to full credit wherein he said that the borrowing and execution of the notes was known and approved by the directors, especially since the defendant failed to produce any of the papers or records showing the financial affairs of the company, but relied wholly on the minute entries which failed to disclose any direct authorization of the execution of the notes.

In view that the consideration for the notes was received by the corporation, used by it for its benefit, and that it still retains the fruits of the transaction, there being no claim of fraud or unfair dealing or that the money was not honestly applied to the obligations of the corporation, it cannot be now heard to urge the defense merely that the board of directors did not by formal action or resolution authorize the execution of the notes. *Bossert* v. *Geis,* supra; *In re Eastman Oil Co.* (D. C. Ga.) 238 F. 416. The evidence is sufficient to sustain the findings of the trial court.

The judgment of the district court of Juab county is affirmed, with costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.